**FRUEHAUF CORPORATION, a Michigan corporation, et al., Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

Civ. No. 4–70345.

United States District Court, E. D. Michigan, S. D.

Jan. 11, 1974.

John L. King, Berry, Moorman, King, Lott & Cook, Detroit, Mich., Gerald C. Risner, William A. Barnett, Chicago, Ill., for plaintiffs.

Richard F. Mitchell, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Ralph B. Guy, Jr., U. S. Atty., Gwenn L. Carr, Asst. U. S. Atty., Detroit, Mich., for defendant.

MEMORANDUM RE UNLAWFUL WITHHOLDING OF RECORDS

THORNTON, District Judge.

Plaintiffs herein commenced this action by filing their COMPLAINT REQUESTING AN INJUNCTION AGAINST UNLAWFUL WITHHOLDING OF RECORDS AND AN ORDER FOR PRODUCTION OF SUCH RECORDS. The action is brought pursuant to the Freedom of Information Act, 5 U.S.C.A. § 552. Plaintiffs here are defendants in a criminal action (No.

45325) in this court, brought by the United States against them in a one-count indictment that charges a conspiracy to:

(1) defraud the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the Internal Revenue Service (IRS) of the Treasury Department of the United States in the ascertainment, computation, assessment, and collection of $12,344,587.31 in Federal Manufacturer's Excise Taxes;

(2) attempt to evade and defeat (contrary to Section 7201, Title 26, United States Code), the payment of $12,344,587.31 in Federal Excise Taxes to be due and owing and due and owing to the United States by the FRUEHAUF CORPORATION for the period October 1, 1956, through December 31, 1965;

(3) aid or assist in, and procure, counsel and advise the preparation and presentation (in violation of Section 7206(2), Title 26, United States Code), of materially false and fraudulent Excise Tax Returns (IRS Form 720) for the defendant FRUEHAUF CORPORATION for all calendar quarter years beginning October 1, 1956, and ending December 31, 1965, the returns understating the amount of Excise Tax payable by FRUEHAUF CORPORATION totaling $12,344,587.31.

During the course of pretrial discovery proceedings in the criminal case the defendants therein sought to obtain from the Government various records and material within the possession of the Government which they claimed would supply information essential to their defense. The position of the Government was that these were not properly subject to discovery in the criminal case but they could be obtained under the provisions of the Freedom of Information Act. The defendants in said criminal case then filed the instant civil action against the Internal Revenue Service. (The Court, in the criminal case, denied the discovery there sought by defendants on the theory that the Government appeared to be willing to furnish the information sought, pursuant to the Freedom of Information Act.) Subsequent to the filing of the instant action under the Freedom of Information Act the Government's position is that the documents sought are not available to plaintiffs under the Freedom of Information Act.

In their Answers to Interrogatories filed November 27, 1973, at page 2 thereof, plaintiffs give a general description of said documents as follows:

In general, Plaintiffs seek copies of unpublished private rulings and/or rulings, as defined in the complaint, originating in the Miscellaneous and Special Provisions Tax Division, Excise Tax Branch, Office of Assistant Commissioner (Technical), Internal Revenue Service, between January 1, 1947 and June 26, 1973 to manufacturers of automobile truck chassis, automobile truck bodies, automobile bus chassis, automobile bus bodies, truck and bus trailer and semi-trailer chassis, truck and bus trailer and semi-trailer bodies, and tractors of a kind chiefly used for highway transportation in combination with a trailer or semi-trailer, or to any trade association of any one or more such manufacturers. In paragraphs 5a(1) (a) through 5a(1)(h) of Plaintiffs' Complaint, the specific subject matters of rulings requested are described in detail.

The specific subject matters of the rulings requested are set forth in the paragraphs as above indicated. They relate to those types of determinations which plaintiffs conceive to be relative to their defense of the charges contained in the indictment in the criminal case.

The Government filed its Motion for Summary Judgment requesting dismissal on the grounds that the "requested documents are exempt from disclosure under Section 552(b)(3), Title 5 U.S.C. because of Section 6103 of the Internal Revenue Code of 1954."

The parties have filed extensive briefs herein and the Court file contains numerous pleadings including various sets of interrogatories and answers thereto. Plaintiffs' Answers to Interrogatories filed November 27, 1973 (docket entry No. 18) contains the following paragraph, which we deem of controlling significance:

The documents sought are essential to the proper defense of the criminal case in view of the fact that under the authority of International Business Machines Corporation v. U. S., 343 F. 2d 914 [170 Ct.Cl. 357] (Ct.Cl.1965), cert. den. 382 U.S. 1028, [86 S.Ct. 647, 15 L.Ed.2d 540] if rulings were issued to other taxpayers which provided a benefit to those taxpayers which Fruehauf did not enjoy, then Fruehauf is entitled to the benefit of such rulings. The basis for this theory is Section 1108(b) of the Revenue Act of 1926 which provides that if the Service has issued a ruling, Treasury decision or regulation holding the sale or lease of an article was not taxable and a taxpayer has parted with possession of an article relying upon the ruling, regulation, or Treasury decision, that such item was not taxable, then no tax shall be levied, assessed or collected. In the case of International Business Machines Corporation v. U. S., *supra*, the Court of Claims had presented to it the question of whether, if such a ruling were granted to a third party, the benefit of such ruling must also be granted to other taxpayers. The Court of Claims concluded that in view of the fact that a ruling, which had been issued to one taxpayer, could not be revoked retroactively, that such ruling must be made available to other taxpayers during the period it was unrevoked in order to carry out the intent of Congress that excise tax not be applied in a discriminatory manner. Thus, under the authority of such case, private rulings which were issued and which remained unrevoked during any period covered by the criminal case must be available to Plaintiffs. Plaintiffs have reason to believe that private rulings which would be favorable do exist, and Plaintiffs are entitled to rely upon such rulings in their defense in the criminal case.

The Freedom of Information Act, 5 U.S.C.A. § 552(b) sets forth nine exceptions to the statutory disclosure act. The one relied upon by the Government —

"(b) This section does not apply to matters that are—

\*  \*  \*  \*  \*  \*

"(3) specifically exempted from disclosure by statute;" 5 U.S.C.A. § 552(b)(3)

is relied upon, the Government says, because of 26 U.S.C.A. § 6103. We consider that none of the nine exceptions has application to the material here sought by plaintiffs and that 26 U.S.C.A. § 6103 provides for the protection of the privacy of persons filing *Income* Tax Returns. To the extent that any of the material sought by plaintiffs might constitute an invasion of the privacy of taxpayers there are means that may be employed to avoid such disclosure. In furnishing plaintiffs the information relevant to their defense there need be no violation of Section 6103 of Title 26 of the Internal Revenue Code.

The Sixth Circuit has provided us with guidelines and helpful discussion concerning the Freedom of Information Act in the case of Hawkes v. Internal Revenue Service, 467 F.2d 787 (1972). Although the facts in that case are entirely different from the instant situation the opinion of the Court of Appeals in *Hawkes* convinces this Court that the material here sought by plaintiffs should be made available to them and that such material as they seek does not come within the nine exceptions set forth in the Act.

An order in accordance with the foregoing may be presented on notice.