**TAX ANALYSTS AND ADVOCATES and Thomas F. Field et al.**

v.

**INTERNAL REVENUE SERVICE et al., Appellants.**

**No. 73–1978.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 5, 1974.

Decided Aug. 19, 1974.

Rehearing Denied Sept. 12, 1974.

Ernest J. Brown, Atty., Tax Div., Dept. of Justice, with whom Scott P. Crampton, Asst. Atty. Gen. and Bennett N. Hollander, Atty., Tax Div., were on the brief, for appellants.

William A. Dobrovir, Washington, D. C., with whom Thomas F. Field, Washington, D. C., was on the brief, for appellees.

Before WRIGHT and MacKINNON, Circuit Judges and DAVIES,* Senior District Judge for the District of North Dakota.

RONALD N. DAVIES, Senior District Judge:

In an action commenced pursuant to the Freedom of Information Act, 5 U.S.C. § 552, Tax Analysts and Advocates and its Executive Director sought to compel the Internal Revenue Service, its Com-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

missioner and its Assistant Commissioner (Technical) to disclose letter rulings and technical advice memoranda, together with communications and indices relating thereto, issued to producers of minerals other than oil and gas between July 26, 1968, and October 1, 1971, in which determinations were made of the processes to be treated as "mining" under Section 613(c) of the Internal Revenue Code, 26 U.S.C. § 613(c), when computing gross income from property for percentage depletion purposes.

The District Court rejected the defendants' (appellants') contentions that the Freedom of Information Act (Act) did not apply to letter rulings or technical advice memoranda or that, if it did, specific exemptions precluded disclosure of the material sought. The District Court also refused appellants' request that it exercise the discretion inherent in its equitable powers and refuse to order disclosure. The Court ordered all materials sought, consisting of two unpublished letter rulings, eight technical advice memoranda, communications to and from the taxpayer or his representative relating thereto, and six index-digest cards, be made available:

"* * * intact and without deletion, except for those items which, within said thirty (30) days period, Defendants submit to the Court, sealed and intact, without deletion but with any proposed deletions indicated, for in camera review as to whether proposed deletion of information is justified under the Freedom of Information Act, together with a detailed written explanation of the justification for each deletion, * * *"

and also:

"* * * within thirty (30) days of date all items in the Internal Revenue Service's index-digest reference card file sought by Plaintiffs herein, and all memoranda of conferences and telephone calls relating to the letter rulings and technical advice memoranda involved herein, unless within said thirty (30) day period those items are submitted to the Court for in camera

review as to whether they may be properly withheld as internal memoranda within the meaning of exemption 5, 5 U.S.C. § 552(b)(5), of the Freedom of Information Act." Tax Analysts and Advocates v. Internal Revenue Serv., 362 F.Supp. 1298 (D.D. C.1973).

A stay was granted pending appeal in which appellants present only two issues: (1) whether the materials sought were, under § 552(b)(3) of the Act, "specifically exempted from disclosure by statute"; and (2) whether the District Court erred in holding that it did not have, under the Act, equitable powers to refuse to order disclosure.

As described by the District Court:

"A letter ruling is a written statement issued to a taxpayer by the Office of Assistant Commissioner (Technical) in which interpretations of the tax laws are made and applied to a specific set of facts. The function of a letter ruling, usually sought by the taxpayer in advance of contemplated transaction, is to advise the taxpayer regarding the tax treatment that he can expect from IRS in the circumstances specified in the ruling. The letter rulings are not publicly disclosed by the IRS and it is clearly specified that no taxpayer is entitled to rely upon an unpublished private ruling not issued specifically to him. The taxpayer who does receive such a ruling is advised to file it along with his tax return.

"A technical device (sic) memoranda (T.A. memo) is comparable to a letter ruling, except that it is not issued directly to a taxpayer, but to a District Director of the IRS in response to the director's request for instructions as to the treatment of a specific set of facts relating to a named taxpayer. The director's question may relate to audit examination of a taxpayer's return or consideration of a taxpayer's claim for refund or credit. The substantive portion of the memorandum if (sic) given to the taxpayer.

"All letter rulings and technical advice memoranda are divided into two

categories by the IRS for filing purposes. Many rulings and memos are considered of no significant 'reference' value. These are placed in a historical file, alphabetically by taxpayer's name, and maintained for a period of four years. No separate index is prepared for materials in the historical file. The other letter rulings and t.a. memos are deemed to have a continuing 'reference' value for internal IRS purposes, and these are placed in the IRS' permanent reference file, along with Court decisions, published Revenue Rulings, and other materials deemed to have a continuing reference value. The reference file is organized by code section and an 'index-digest' card file is maintained, giving citations to the main 'reference' file and usually summarizing the contents of the reference file." (Footnotes omitted.) Tax Analysts and Advocates v. Internal Revenue Serv., *supra*, at 1301–1302.

First, it is to be noted that appellants do not contest the District Court's holding that letter rulings and technical advice memoranda are "statements of policy and interpretations which have been adopted by the agency and not published in the Federal Register", Section (a)(2)(B), and must be made available for public inspection and copying if not exempt under subsection (b)(3) of the Act.

"It is well established that information which either creates or provides a way of determining the extent of substantive rights and liabilities constitutes a form of law that cannot be withheld from the public. *See* Sterling Drug, Inc. v. FTC, 146 U.S.App.D.C. 237, 450 F.2d 698 (1971); American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 411 F.2d 696 (1968). The FOIA by its explicit terms condemns 'secret law' and requires that it be made public:

(2) Each agency, in accordance with published rules, shall make available for public inspection and copying—

(A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

(B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register . . ."

Cuneo v. Schlesinger, 157 U.S.App. D.C. 368, 484 F.2d 1086, footnote 13 at p. 1091 (1973).

Relying on 26 U.S.C. § 6103(a)(1), which provides .

"Returns made with respect to taxes . . . upon which the tax has been determined by the Secretary or his delegate shall constitute public records; but, except as hereinafter provided . . . they shall be open to inspection only upon order of the President and under rules and regulations prescribed by the Secretary or his delegate and approved by the President"

and on 26 U.S.C. § 7213(a)(1) which makes it unlawful

". . . to divulge or to make known . . . to any person the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any income return, or to permit any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; and it shall be unlawful for any person to print or publish in any manner whatever not provided by law any income return, or any part thereof or source of income, profits, losses, or expenditures appearing in any income return; . . ."

appellants contend that letter rulings and technical advice memoranda are "specifically exempted from disclosure by statute."

 It was appellants' burden to sustain their claim that the materials sought came within the meaning of the statutes. Mere labeling of the letter rulings and tax advice memoranda as returns is not sufficient. It is the Dis-

trict Court's function to determine whether appellants' classification was proper.

"This court has continued to adhere to the position that exemptions of the Information Act are to be narrowly construed. Vaughn v. Rosen [157 U.S.App.D.C. 340], 484 F.2d 820 (1973), cert. denied, 415 U.S. 977 [94 S.Ct. 1564, 39 L.Ed.2d 873] (1974); Cuneo v. Schlesinger [157 U.S.App. D.C. 368] 484 F.2d 1086 (1973), cert. denied 415 U.S. 977 [94 S.Ct. 1564, 39 L.Ed.2d 873] (1974). The ordinary meaning of the language of Exemption (3) is that the statute therein referred to must itself specify the documents or categories of documents it authorizes to be withheld from public scrutiny. * * *

"In EPA v. Mink, 410 U.S. 73, [93 S.Ct. 827, 35 L.Ed.2d 119] (1973), the Supreme Court considered a specific exemption by statute, Exemption (1) of the Information Act itself, which exempts matters 'specifically required by Executive Order to be kept secret in the interest of the national defense or foreign policy.' 5 U.S.C. § 552(b) (1). The documents sought to be disclosed had been classified as secret pursuant to Executive Order 10501. Exemption (1) was construed to be a specific reference by Congress itself to a definite class of documents which were not to be disclosed. 410 U.S. at 83, [93 S.Ct. 827]. Their disclosure accordingly was not required." (Footnote omitted.) Robertson v. Butterfield, 162 U.S.App.D.C. 298, 498 F.2d 1031 (1974).

■ The two statutes relied upon by appellants provide for protection of the privacy of taxpayers filing tax returns and are designed to prevent disclosure of information contained either in the returns or in documents filed in conjunction therewith which enable the Secretary or his delegate to determine tax due the United States. It is not difficult, therefore, to conclude that letter rulings are not encompassed in either statute. Letter rulings are issued at the request of taxpayers seeking advice as to the tax consequences of specific transactions. This information provides guidance in planning and conducting their business affairs and, if the transaction is consummated, aids in preparation of their tax returns. The fact that taxpayers may elect to follow the Internal Revenue Service's recommendations that letter rulings be attached to returns containing information about the transactions referred to in the letter rulings does not *deprive a letter ruling of its separate status as a "final opinion" and "interpretation" nor does it make the attachment part of a return.*[1] Attachment is to alert the District Director of the

---

[1]. The IRS also urges that Treas.Reg. § 301.6103(a)–1(a)(3) (Feb. 8, 1972), specifically exempts letter rulings from disclosure under the Act:

(3) *Terms used*—(i) *Return.* For purposes of section 6103(a), the term "return" includes—

(a) Information returns, schedules, lists, and other written statements filed by or on behalf of the taxpayer with the Internal Revenue Service which are designed to be supplemental to or become a part of the return, and

(b) Other records, reports, information received orally or in writing, factual data, documents, papers, abstracts, memoranda, or evidence taken, or any portion thereof, relating to the items included under (a) of this subdivision.

Clearly, letter rulings are not encompassed by (a) since they are issued at the request of the taxpayer and their attachment as a matter of convenience to the return does not make them "supplemental to or . . . a part of the return." Where the transaction proposed in the letter ruling is not executed, the letter ruling would not be comprehended by (b) since it would not "relate" to a filed return. However, letter rulings involving proposed transactions subsequently executed would fall within the literal terms of (b). Nonetheless, we think that letter rulings generated by the voluntary request of a taxpayer for tax advice from the IRS are beyond the scope of that which the Congress sought to protect under section 6103, that is, "returns" filed under compulsion of law which contain information necessary to determine federal tax liability. Accordingly, the regulation cannot immunize letter rulings from disclosure under the Freedom of Information Act.

Internal Revenue Service that a letter ruling had been issued. The appropriate District Director is always sent a copy at the time a letter ruling is issued to any taxpayer required to file a return in his district.

█ Conversely, technical advice memoranda are prepared in response to an inquiry by a District Director as to the treatment of a specific set of facts relating to a tax return filed by a named taxpayer involving either an audit or in connection with the taxpayer's claim for refund or credit of taxes. Technical advice memoranda deal directly with information contained in "returns made with respect to taxes" and are a part of the process by which tax determinations are made and, thus, "specifically exempted from disclosure by statute."

We emphasize that there is still available to appellants, through *in camera* production of all documents other than the technical advice memoranda and material relating thereto, exemption under § 552(b)(4) to prevent disclosure of "commercial or financial information obtained from a person and privileged or confidential." [2]

█ Lastly, appellants ask us to reconsider our previous holding that a District Court has no jurisdiction under the Act to deny disclosure, apart from the exemptions contained in the Act, on equitable grounds. Soucie v. David, 145 U.S.App.D.C. 144, 448 F.2d 1067 (1971); Getman v. NLRB, 146 U.S.App.D.C. 209, 450 F.2d 670 (1971); accord, Wellford v. Hardin, 444 F.2d 21 (4th Cir. 1971); Robles v. Environmental Protection Agency, 484 F.2d 843 (4th Cir. 1973); Tennessean Newspapers, Inc. v. Federal Housing Admin., 464 F.2d 657 (6th Cir. 1972); Hawkes v. Internal Revenue Service, 467 F.2d 787, n. 6 at p. 792 (6th Cir. 1972). See also Bannercraft Clothing Co. v. Renegotiation Board, 151 U.S. App.D.C. 174, 466 F.2d 345, 353 (1972) (discussing equitable principles) re-

versed on other grounds, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123.

However, there is nothing in the "factors present in this case which were absent in the other Freedom of Information Act cases considered by the Court" which would compel us to change our previous opinion.

Modified in part and remanded to the District Court for further proceedings not inconsistent with this opinion.

---

2. Our recent decision in National Parks and Conservation Assoc. v. Rogers C. B. Morton, Secretary, Department of the Interior et al.,

162 U.S.App.D.C. 223, 498 F.2d 765 (1974), may be of aid to the District Court in this respect.