**UNITED STATES of America, Plaintiff,**

**v.**

**Donald D. WAHLIN, Defendant.**

**No. 74–CR–14.**

United States District Court, W. D. Wisconsin.

Nov. 12, 1974.

---

Steven C. Underwood, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Frank J. Bucaida, Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On February 7, 1974, defendant Donald D. Wahlin, as president of Stoughton Truck Body, Inc. (hereinafter "Stoughton"), was indicted upon eight counts of willfully and knowingly attempting to evade and defeat the payment of the manufacturer's excise tax due and owing by Stoughton, in violation of 26 U.S.C. § 7201 of the Internal Revenue Code. The indictment covered eight calendar quarters ending: (1) December 31, 1969; (2) March 31, 1970; (3) June 30, 1970; (4) December 31, 1970; (5) March 31, 1971; (6) June 30, 1971; (7) September 31, 1971; and (8) December 31, 1971.

On May 28, 1974, defendant filed a motion for discovery pursuant to Rule 16(a) and (b) of the Federal Rules of Criminal Procedure. Also filed at that time were a motion to dismiss and a motion for a bill of particulars. Defendant's motion to dismiss is predicated upon the assertion that the statute which imposes an excise tax upon the defendant, 26 U.S.C. § 4216, and those statutes relating thereto, are so vague, confusing, indefinite, inconsistent, and discriminatory as to constitute an unconstitutional

violation of defendant's rights under the Fifth Amendment.

Based on defendant's claim that the matters sought to be discovered will be necessary to support the motion to dismiss, the court granted the defendant's request that his motion to dismiss be held in abeyance until after the discovery motion has been decided.

In the discovery motion defendant seeks various records of the Internal Revenue Service (hereinafter "IRS"). The documents requested can be separated into several categories:

1. Certain private letter rulings of the IRS together with correspondence relating to the issuance of the rulings and the index system used to classify the rulings.

2. Work papers and reports of audits performed on Stoughton from 1966 to the present.

3. The special agent's final prosecutive report.

4. Certain code sections, Treasury regulations, and published revenue rulings.

5. Files pertaining to the issuance of twenty-nine specified revenue rulings.

6. The revenue agent's transmittal letter of an audit of Stoughton for 1966–1969.

The principal issue between the parties involves defendant's request for discovery of certain private letter rulings of the IRS. A private letter ruling is a written statement issued to the taxpayer in which interpretations of the tax laws are made and applied to a specific set of facts. The function of the letter ruling, usually sought by the taxpayer in advance of a contemplated transaction, is to advise the taxpayer regarding the tax treatment he can expect from the IRS in the circumstances specified by the ruling.

First, the defendant seeks to discover all private rulings relied upon by the IRS in conducting audits of Stoughton from 1966 to the present. The Government has no objection to the disclosure of the existence and content of such private letter rulings. The Government concedes that if such rulings exist, they would be material on their face.

Second, defendant requests all unpublished private letter rulings originating in the Excise Tax Branch of the Office of the Assistant Commissioner of Internal Revenue and issued between January 1, 1947, and the present to manufacturers of automobile, truck, bus, and trailer bodies, in which certain specified determinations were made.

█ Defendant contends that disclosure of the private letter rulings is necessary in order that he be allowed the benefit of favorable rulings in calculating the manufacturer's excise tax which he is alleged to have willfully and knowingly attempted to evade. In Fruehauf Corp. v. Internal Revenue Service, 369 F. Supp. 108 (E.D.Mich.1974), plaintiffs, who were defendants in a criminal action brought upon an indictment for defrauding the Government of the manufacturer's excise tax, sought to obtain essentially the same private rulings as are sought in the instant case. In *Fruehauf,* supra, the court, in requiring the production of the private rulings, adopted the following reasoning:

"The documents sought are essential to the proper defense of the criminal case in view of the fact that under the authority of International Business Machines Corporation v. U. S., 343 F.2d 914 [170 Ct.Cl. 357] (Ct.Cl.1965), cert. den. 382 U.S. 1028 [86 S.Ct. 647, 15 L.Ed.2d 540] if rulings were issued to other taxpayers which provided a benefit to those taxpayers which Fruehauf did not enjoy, then Fruehauf is entitled to the benefit of such rulings. The basis for this theory is Section 1108(b) of the Revenue Act of 1926 which provides that if the Service has issued a ruling, Treasury decision or regulation holding the sale

or lease of an article was not taxable and a taxpayer has parted with possession of an article relying upon the ruling, regulation, or Treasury decision, that such item was not taxable, then no tax shall be levied, assessed or collected. In the case of International Business Machines Corporation v. U. S., *supra*, the Court of Claims had presented to it the question of whether, if such a ruling were granted to a third party, the benefit of such ruling must also be granted to other taxpayers. The Court of Claims concluded that in view of the fact that a ruling, which had been issued to one taxpayer, could not be revoked retroactively, that such ruling must be made available to other taxpayers during the period it was unrevoked in order to carry out the intent of Congress that excise tax not be applied in a discriminatory manner. Thus, under the authority of such case, private rulings which were issued and which remained unrevoked during any period covered by the criminal case must be available to Plaintiffs. Plaintiffs have reason to believe that private rulings which would be favorable do exist, and Plaintiffs are entitled to rely upon such rulings in their defense in the criminal case." 369 F.Supp. at 110.

As in *Fruehauf*, the defendant here is entitled to rely on the private rulings in the defense of his criminal case.

Defendant's second contention with respect to the private letter rulings is that they are material to the assertion of the unconstitutionality of the statutes under which the defendant is charged. The Government argues that the private letter rulings cannot be utilized to challenge the constitutionality of the tax laws because of the fact that the rulings are not law and are subject to judicial review. Dixon v. United States, 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965). While not deciding the relation between private letter rulings and the constitutionality of the tax laws, inconsistent and discriminatory private letter rulings, at the very least, might tend to prove that the statutes themselves are vague, confusing, indefinite, and inconsistent.

Finally, the defendant suggests that apart from Rule 16 of the Federal Rules of Criminal Procedure, the private letter rulings are available under the Freedom of Information Act, 5 U.S.C. § 552. In Tax Analysts and Advocates v. Internal Revenue Service, 362 F.Supp. 1298 (D.D.C.1973), affirmed, 505 F.2d 350 (D.C.Cir. 1974), plaintiffs sought to compel disclosure of letter rulings and communications and indices relating thereto. The court held that the private rulings of the IRS are not tax returns within an exclusion to the Freedom of Information Act, nor are the rulings within any of the other exceptions under 5 U.S.C. § 552(b). The court concluded that IRS is required to make public for inspection unpublished letter rulings, the letter ruling index system, and communications to and from the IRS from outside the executive branch relating to the issuance of the rulings.

The Government's contention that defendant cannot rely on the Freedom of Information Act to obtain discovery in a criminal action is preposterous. It would be absurd and dilatory to require that a defendant commence an independent civil suit for disclosure under the Freedom of Information Act to acquire the information sought and then return to court with the information to be used in his criminal defense. If this were required, this court would be obligated by basic fairness to hold the criminal action in abeyance until defendant either obtained or was denied the information sought. The applicability of the Freedom of Information Act to specific documents or information sought can be determined by this court in a discovery motion filed in a pending criminal case as easily as it can be determined in an independent civil suit. Thus, judicial economy and basic fairness demand that a defendant in a criminal action have available to him the information he is entitled to as an ordinary member of the public.

Based upon the foregoing reasons, the private letter rulings requested must be produced by the Government.

■ Closely related to defendant's request for the rulings themselves, defendant seeks to discover records of communications relating to the issuance of the private letter rulings received by the IRS from persons outside the executive branch of government, together with the response of the IRS to the communications. Defendant also seeks to discover so much of the letter ruling index system of IRS as would enable him to discover whether additional private rulings exist similar to those more specifically described by defendant in his motion. The nature of the private rulings makes discovery of such communications and indices a necessary complement to the discovery and understanding of the private letter rulings, and, consequently, the communications and indices requested must be produced by the Government. If production of the documents will disclose confidential commercial or financial information, the Government may render the documents sufficiently anonymous by deletion of the filing party's name and other identifying information.

■ Defendant also seeks to discover the work papers and reports of audits performed on Stoughton, including all recommendations, comments, methods, means, formula, or procedures used in determining the manufacturer's excise tax for the period from 1966 to the present. With respect to such work papers and reports, there has been an insufficient showing of materiality. In addition, the documents are "reports, memoranda, or other internal government documents made by government agents in connection with the prosecution investigation or prosecution of the case" and, consequently, are not discoverable under Rule 16(b).

■ For the same reason, defendant's request for production of the special agent's final prosecutive report must be denied. The final report likewise is a report made by government agents in connection with the investigation and prosecution of the case and, therefore, is not discoverable under Rule 16(b). Neither is the report discoverable under Rule 16(a). United States v. Krilich, 470 F.2d 341, 351 (7th Cir. 1972).

■ Next defendant seeks to discover code sections, Treasury regulations, and published rulings relied upon by the Government in audits performed on Stoughton from 1966 to the present. The request for these matters is, in reality, a request for a bill of particulars. Defendant has not briefed his motion for a bill of particulars, and, consequently, the court will not respond.

■ Finally, defendant seeks to discover a transmittal letter made by a revenue agent in connection with an audit covering 1966–1969 and the IRS files relating to the issuance of twenty-nine specified published rulings. Rule 16 requires the defendant to show that the items sought are material to his defense. This showing of materiality must consist of something more than bare allegations that the items sought are material, which is all that defendant has shown this court. Therefore, discovery of these documents and files must be denied.

■ Defendant has also filed a motion for a bill of particulars. However, although a briefing schedule was established by the court, no briefs were filed in support of the motion. Therefore, the motion is denied.