TAX ANALYSTS AND ADVOCATES et al., Plaintiffs,

v.

INTERNAL REVENUE SERVICE et al., Defendants.

Civ. A. No. 75–650.

United States District Court, District of Columbia.

Nov. 26, 1975.

William A. Dobrovir, Washington, D. C., Thomas F. Field, Arlington, Va., Peter W. Schmidt, New York City, for plaintiffs.

Milton P. Kroll, Washington, D. C., Donald J. Gavin, Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Plaintiffs bring this action under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA or the Act) to gain access to all unpublished letter rulings and related documents of the Internal Revenue Service issued on or after July 4, 1967. Plaintiffs contend that based on an earlier case, decided by this Court and affirmed in part by the Court of Appeals, they are entitled to a declaratory judgment that these documents are subject to immediate disclosure (subject to specific areas of deletion) and an order in the nature of mandamus commanding the defendants to implement a plan for public access to these documents. The matter is currently before the Court on cross motions for summary judgment. In addition, the government recently requested this Court to stay all proceedings (including a ruling on the cross motions for summary judgment) pending a determination by the Supreme Court on their petition for certiorari in the case of *Internal Revenue Service v. Fruehauf Corporation, et al.,* filed November 6, 1975 (No. 75–679). For reasons set forth below, the Court concludes that plaintiffs are entitled to partial summary judgment on the issue of the applicability of the FOIA to these documents. However, the Court is convinced that all further proceedings on implementation of a plan for access to these documents should be stayed pending a determination by the Supreme Court on defendant's petition for certiorari.

In *Tax Analysts and Advocates v. I. R. S.,* 164 U.S.App.D.C. 243, 505 F.2d 350 (1974) (informally referred to as *Tax Analysts I* *) plaintiffs successfully sought access to specific unpublished letter rulings from the Mining and Timber Section of the Internal Revenue Service. Although the decision was rendered as to particular documents, the plaintiffs cor-

---

* Plaintiffs also include within this phrase this Court's decision reported at 362 F.Supp. 1298 and the Order on remand issued February 7, 1975, in Civil Action No. 841–72.

rectly interpret the case as establishing that unpublished I.R.S. letter rulings are subject to disclosure under the FOIA and are not documents specifically exempted from disclosure by statute within Exemption 3, § 552(b)(3). Therefore, based upon *Tax Analysts I*, plaintiffs are entitled to a declaratory judgment to that effect.

■ The Court is not persuaded to the contrary by defendants' numerous arguments that *Tax Analysts I* should be limited to its facts, or, alternatively, was overruled by the recent case of *Administrator, Federal Aviation Administration v. Robertson*, 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975). In addition, the Court is not convinced that so-called "mandatory" letter rulings, an amorphous group of documents generated by I.R.S. in response to taxpayer inquiry pursuant to a variety of statutory provisions, should be treated differently from other letter rulings which are subject to disclosure. And lastly, the defendants' assertion that this Court should exercise its equity jurisdiction to withhold disclosure in this case was specifically disposed of in *Tax Analysts I* where the Court reiterated the well established principle in this jurisdiction that "a District Court has no jurisdiction under the Act to deny disclosure, apart from the exemptions contained in the Act, on equitable grounds." 505 F.2d at 355 (citations omitted). Therefore, plaintiffs' right to declaratory relief is clear.

■ After the parties had filed their cross motions for summary judgment herein, the government decided to file a petition for certiorari in the case of *Fruehauf Corporation, et al. v. I.R.S.*, 522 F.2d 284 (6th Cir. 1975), decided June 9, 1975, in which the Court held that certain letter rulings and technical advice memoranda of the Excise Tax Branch of the Miscellaneous and Special Provisions Tax Division of the Internal Revenue Service were subject to disclosure under the FOIA. It is undisputed that decisions on appropriate deletions to be made in the vast number of documents sought herein must be made by I.R.S. and, eventually, reviewed by this Court where necessary.** Preparation of these documents for public access will thus be both time consuming and expensive. In light of this fact and the realization that the Supreme Court could, in effect, overrule *Tax Analysts I* should it choose to grant the petition for certiorari, the Court is persuaded that all further proceedings in this action should be stayed pending the Supreme Court's ruling on the petition for certiorari. Should the Supreme Court deny the petition, then appropriate measures can be promptly taken to effect compliance with this Court's Order issued today. A determination of the relevant exemption sections of the Act to be applied to these documents will be made at that time.

Based on the foregoing, it is this 26th day of November, 1975,

Ordered that Plaintiff's Motion for Summary Judgment be and hereby is granted in part; and it is

Declared that defendants' unpublished letter rulings are statements of policy and interpretations adopted by the agency and not published in the Federal Register, and therefore are required by 5 U.S.C. § 552(a)(2)(B) to be made available for public inspection and copying after appropriate deletions have been made; and the indices to these private letter rulings must be made similarly available for public inspection and copying; and it is

Further ordered that Defendants' Motion for Stay of Proceedings is hereby granted in part and all further action be and hereby is stayed pending a determination by the Supreme Court on the petition for certiorari filed November 6, 1975, in the Case of *Internal Revenue*

** Defendants contend there are approximately 160,000 unpublished letter rulings and 300,000 index cards, all of which must be reviewed for deletion.

*Service v. Fruehauf Corporation, et al.* (No. 75–679); and it is

Further ordered that defendants shall immediately advise the Court when a determination on said petition is made.