**Ronald R. GRENIER**

v.

**U. S. INTERNAL REVENUE SERVICE.**

**Civ. No. K–76–1943.**

United States District Court,
D. Maryland.

March 30, 1978.

Ronald R. Grenier, plaintiff, pro se.

Thomas M. Lawler, U. S. Dept. of Justice, Washington, D. C., and William C. Hendricks, III, Asst. U. S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

Grenier seeks production of certain documents from the Internal Revenue Service (IRS), a declaration that section 6110 of the Internal Revenue Code[1] is not the sole vehicle for access to such documents, and, if production is ordered, a waiver of fees related to such production. The IRS opposes those quests for relief and has filed a motion for summary judgment.

The facts are undisputed. On July 29, 1976, Grenier wrote to the District Director of the IRS in Baltimore requesting an explanation of adjustments proposed by the IRS to the joint federal 1974 income tax return of his wife and himself. Those proposed adjustments involved disallowance of claimed depreciation of used residential income-producing property. In his letter Grenier also invoked the FOIA and requested the following documents:

1. "[A]ll regulations, instructions to employees, guides, manual issuances and other information related to the disclosure of information from IRS files."

2. "[A]ll rules, regulations, employee manuals and instructions related to the determination of allowable terms for depreciating used residential income property."

3. "[A]ll Baltimore and D.C. IRS decisions made in the past with respect to the determination of allowable terms for the depreciation of used residential income property, with pertinent citations of law and regulation or precedent."

4. "[A]ll national IRS decisions at the hearing, appellate, and tax court levels wherein IRS decisions with respect to allowable terms for the depreciation of used residential income property were (1) upheld, (2) overturned and (3) modified."

On August 9, 1976, the District Director responded to Grenier's FOIA request. As to the first group of documents, he for-

---

1. Section 1201(a) of the Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, *codified at* 26 U.S.C. § 6110.

warded to Grenier a copy of some of those documents and informed Grenier where the latter could obtain the others. Plaintiff does not seek herein any relief with regard to that group of documents.

With respect to the second category of documents, the District Director sent to Grenier a copy of section 1.167(c)–1 of the IRS regulations and asserted that the Internal Revenue Manual does not contain any technical instructions on determining the useful life of residential property. Grenier raises no issue herein relating to that response.

The District Director, in his said August 9, 1976 letter, interpreted Grenier's request for the third and fourth categories as a request for "unpublished decisions concerning other taxpayers where a dispute as to the useful life of property was resolved at an administrative level." He refused to furnish such decisions on the grounds that certain information concerning the tax returns of other taxpayers is confidential and that such decisions are exempt from the FOIA.[2]

Grenier immediately appealed to the Commissioner of Internal Revenue in a letter dated August 11, 1976. Approximately four months later, on December 7, 1976, the Commissioner denied Grenier's appeal. In the interim while Grenier's appeal to the Commissioner was pending, the Congress passed the Tax Reform Act of 1976,[3] which significantly altered the means of access to unpublished written determinations of the IRS.[4] The Commissioner in his letter relied in part on the Tax Reform Act to deny Grenier access to those written determinations.[5] He also reiterated the contention that material relating to third parties is in any event exempt from the FOIA. Finally, as to Grenier's request for rules, regulations, employee manuals and instructions relating to the determination of useful lives, the Commissioner stated that a search had been conducted and that no such instructional materials could be located. He did, however, send to Grenier portions of the Internal Revenue Manual and certain IRS training material containing general information relating to depreciation of real property. Grenier has subsequently stated that he is satisfied that the IRS has supplied him with all available material pertinent to his requests other than the unpublished written determinations of the IRS which he seeks. The sole substantive issue posed herein is whether Grenier is entitled to have the IRS produce those determinations.

I

Prior to the advent of the Tax Reform Act of 1976, at least two Circuit Courts of Appeals held that the IRS was required to

---

2. The District Director stated in that letter that he considered the decisions exempt from the FOIA according to exemption (b)(3). That exemption provides that the FOIA does not apply to matters which are:

(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

5 U.S.C. § 552(b)(3) (as amended 1976). Prior to that amendment, only the first six words appeared in the subsection.

The District Director wrote Grenier that 18 U.S.C. § 1905 and 26 U.S.C. §§ 6103, 7213 are statutes which bar disclosure of the decisions.

3. Pub.L. No. 94–455, 90 Stat. 1520, enacted on October 4, 1976.

4. See id. § 1201(a) codified at 26 U.S.C. § 6110; § 1202(a) codified as an amendment to 26 U.S.C. § 6103.

5. The Commissioner, noting that he believed that IRS written determinations are no longer accessible through the FOIA, wrote:

The terms of Code § 6110 and its underlying legislative history show quite clearly, in the opinion of the Service, that Code § 6110 was intended by the Congress to be the exclusive vehicle by which access to written determinations and similar and related documents could be had. Code § 6110(l) removes from the courts the authority to order production of written determinations under the Freedom of Information Act. The Service is thus of the opinion that, in light of the clear intent that Code § 6110 be exclusive, Freedom of Information Act requests such as yours for written determinations are no longer appropriate.

produce private letter rulings, upon an FOIA request. *See Fruehauf Corp. v. IRS,* 522 F.2d 284 (6th Cir. 1975) *vacated and remanded for reconsideration in light of the Tax Reform Act,* 429 U.S. 1085, 97 S.Ct. 1090, 51 L.Ed.2d 530 (1977); *Tax Analysts and Advocates v. IRS,* 164 U.S.App.D.C. 243, 505 F.2d 350 (1974). In those cases, the IRS contended that 26 U.S.C. § 6103 prohibited release of unpublished IRS letter rulings and thus that the rulings were exempt from the FOIA by virtue of exemption (b)(3).[6] However, both the Sixth and the D.C. Circuits held that letter rulings were not "returns" within the meaning of that word as used in section 6103 and were therefore *not* exempt from the FOIA.[7] Both courts required production of the documents.[8]

The IRS contends herein that the decisions sought by Grenier are not reasonably identifiable within the meaning of section (a)(3) of the FOIA.[9] That issue was not raised in *Fruehauf.* In *Tax Analysts,* the D.C. Circuit noted that the district court had held that IRS letter rulings and technical advice memoranda are "statements of policy and interpretations which have been adopted by the agency." [10] Under section (a)(2) of the FOIA such documents must be made available for public inspection if they are not otherwise exempt from the FOIA.[11]

---

**6.** Prior to amendment by the Tax Reform Act of 1976, § 6103 read, in relevant part:

§ 6103. Publicity of returns and disclosure of information as to persons filing income tax returns

(a) Public record and inspection.—

(1) Returns * * * shall constitute public records; but, except as hereinafter provided in this section, they shall be open to inspection only upon order of the President and under rules and regulations prescribed by the Secretary or his delegate and approved by the President.

Exemption (b)(3) of the FOIA, prior to its amendment in 1976, provided that the FOIA did not apply to matters "specifically exempted from disclosure by statute". 5 U.S.C. § 552(b)(3) (prior to 1976 amendment; see note 2, *supra,* re the 1976 amendment).

**7.** 522 F.2d at 287; 164 U.S.App.D.C. at 247–248, 505 F.2d at 354–55.

**8.** In *Tax Analysts,* plaintiff sought disclosure of letter rulings and technical advice memoranda issued to producers of minerals other than oil and gas in which determinations were made as to the processes to be treated as "mining" under § 613(c) of the Internal Revenue Code. The United States Court of Appeals for the District of Columbia held that §§ 6103, 7213, which forbade the disclosure of tax returns, did not encompass letter rulings, since such determinations are "issued at the request of taxpayers seeking advice as to the tax consequences of specific transactions" and are not part of the taxpayer's return. 164 U.S.App.D.C. at 247–248, 505 F.2d at 354–55. By contrast, that Court held that technical advice memoranda were exempt from disclosure because such determinations are "prepared in response to an inquiry by a District Director as to the treatment of a specific set of facts relating to a tax return filed by a named taxpayer involving either an audit or in connection with the taxpayer's claim for refund or credit of taxes," and

thus were found to deal directly with information contained in tax returns. *Id.* at 248, 505 F.2d at 355.

In *Fruehauf Corp.,* the plaintiff sought unpublished IRS rulings relating to the manufacturer's excise tax as imposed upon sales of trucks and trailers. The Sixth Circuit followed Tax Analysts in holding that letter rulings were not exempt from the FOIA. 522 F.2d at 289. The *Fruehauf* court held that requests for technical advice memoranda, which requests were limited to portions "intended for issuance to taxpayers," were not exempt under the FOIA. The requests in *Fruehauf* and in *Tax Analysts* for technical advice memoranda were differently stated by the respective taxpayers. In *Fruehauf,* a request for only "portions" which "were intended for issuance to taxpayers", *id.* at 289, was held disclosable under the FOIA. The Court in *Fruehauf* therefore specifically stated that it did not need to reach the FOIA issue as posed in *Tax Analysts.*

**9.** 5 U.S.C. § 552(a)(3) (as amended in 1974) reads:

(3) Except with respect to the records made available under paragraphs (1) and (2) of this subsection, each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

**10.** 164 U.S.App.D.C. at 246, 505 F.2d at 353.

**11.** 5 U.S.C. § 552(a)(2) (as amended in 1974) reads:

(2) Each agency, in accordance with published rules, shall make available for public inspection and copying—

(A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

The provisions of (a)(3) specifically state that they are inapplicable to the requirements of (a)(2).[12] Accordingly, whether such documents are or are not reasonably identifiable under (a)(3) is of no import.

Assuming *arguendo* only, however, that the disclosure of the documents sought by Grenier were subject to the reasonably identifiable standard, it appears likely that in any event *some* written determinations would be disclosable. Thus, in *National Cable Television Association, Inc. v. FCC,* 156 U.S.App.D.C. 91, 100, 479 F.2d 183, 192 (1973), Chief Judge Bazelon wrote:

> Once the request has been made as specific as the agency's public statements permit, *Bristol-Myers [Bristol-Myers Co. v. FTC,* 138 U.S.App.D.C. 22, 424 F.2d 935 (1970)]* teaches: (1) If the agency has previously identified a class or category of documents in the normal course of its affairs, it must produce them in response to a request phrased in terms of the class or category. (2) If the agency has never segregated that class or category, production may be required where the agency

may be able to identify that material with reasonable effort.

Even where an agency has previously identified a class of materials, the passage of time may work such changes in the agency's personnel and records that production requires that identification begin anew. In such circumstances, production may be required only if the task imposed on the agency is not unreasonable.

The *Bristol-Myers* standards were applied in this Court, by Chief Judge Northrop in *Wellford v. Hardin,* 315 F.Supp. 175, 177 (D.Md.1970), *aff'd,* 444 F.2d 21 (4th Cir. 1971). The substance of those standards was also adopted in essence by the Congress when it amended the FOIA in 1974.[13]

The IRS has presented affidavits of several of its employees attesting that the material sought by Grenier has not been segregated or separately categorized. The affiants do not indicate that *no* such documents can reasonably be located. Rather, the affidavits state *inter alia* that any documents that can be located would seemingly contain information, concerning third party

---

(B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; and

(C) administrative staff manuals and instructions to staff that affect a member of the public;

unless the materials are promptly published and copies offered for sale. To the extent required to prevent a clearly unwarranted invasion of personal privacy, an agency may delete identifying details when it makes available or publishes an opinion, statement of policy, interpretation, or staff manual or instruction. However, in each case the justification for the deletion shall be explained fully in writing. Each agency shall also maintain and make available for public inspection and copying current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and required by this paragraph to be made available or published. Each agency shall promptly publish, quarterly or more frequently, and distribute (by sale or otherwise) copies of each index or supplements thereto unless it determines by order published in the Federal Register that the publication would be unnecessary and impracticable, in which case the agency shall nonetheless provide copies of such index on

request at a cost not to exceed the direct cost of duplication. A final order, opinion, statement of policy, interpretation, or staff manual or instruction that affects a member of the public may be relied on, used, or cited as precedent by an agency against a party other than an agency only if—

(i) it has been indexed and either made available or published as provided by this paragraph; or

(ii) the party has actual and timely notice of the terms thereof.

**12.** *See* note 9 *supra.*

**13.** Pub.L. No. 93–502, 88 Stat. 1561. *See* H.R. Rep. No. 93–876, 1974 U.S.Code Cong. & Admin.News pp. 6267, 6271; S.Conf.Rep. No. 93–1200, 1974 U.S.Code Cong. & Admin.News pp. 6285, 6286. The House Report discusses the standard of "reasonably identifiable" as follows:

> "A 'description' of a requested document would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort."

1974 U.S.Code Cong. & Admin.News at p. 6271.

taxpayers, which is exempt from the FOIA. However, under the last sentence of section (b) of the FOIA, documents which are otherwise available under the statute but which contain some exempt information are to be provided with the exempt matter deleted.[14] Thus, if the FOIA governs herein, Grenier is entitled to disclosure of the appropriate portions of any relevant documents which the IRS can locate with reasonable effort. But the FOIA does not govern in this case.

## II

▮ In the Tax Reform Act of 1976, the Congress evinced an intent to displace the FOIA as the means of access to unpublished IRS rulings. First, the Congress amended section 6103 to expand the requirement of confidentiality to include both tax returns and "return information."[15] "Return information" encompasses, *inter alia*, "any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110."[16] Section 6103(b)(2) ends with the proviso that the term "return information" does *not* include "data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." "Written determinations" are defined in section 6110 as "a ruling, determination letter, or technical advice memorandum." 26 U.S.C. § 6110(b)(1). Section 6110, which was added to the Internal Revenue Code by the Tax Reform Act of 1976, provides that written determinations and background file documents relating to them shall be open to public inspection subject to certain exceptions.[17] Written determinations of the IRS made "made in response to a request prior to November 1, 1976 are to be "made open or available to public inspection at the earliest practicable date after funds for that purpose have been appropriated and made available to the Internal Revenue Service."[18] However, that qualification to the general rule of availability under section

14. The last sentence of 5 U.S.C. § 552(b) reads: Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.

15. Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, § 1202(a) (amending 26 U.S.C. § 6103).

16. 26 U.S.C. § 6103(b)(2)(B) (as amended in 1976).

17. Section 6110(a) reads:
(a) General rule.—Except as otherwise provided in this section, the text of any written determination and any background file document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe.
Section 6110 includes various exemptions from disclosure substantially patterned after the exemptions in the FOIA, *see* 26 U.S.C. § 6110(c). Section 6110 also includes other provisions regarding the timing of disclosure and procedures for resolving disputes over disclosure. *See* note 18, *infra*.

18. 26 U.S.C. § 6110(g) and (h) respectively provide in part:
(g) Time for disclosure.—
(1) In general.—Except as otherwise provided in this section, the text of any written determination or any background file docu-

ment (as modified under subsection(c)) shall be open or available to public inspection—
(A) no earlier than 75 days, and no later than 90 days, after the notice provided in subsection (f)(1) is mailed, or, if later,
(B) within 30 days after the date on which a court decision under subsection (f)(3) becomes final.
\* \* \* \* \* \*
(h) Disclosure of prior written determinations and related background file documents.—
(1) In general.—Except as otherwise provided in this subsection, a written determination issued pursuant to a request made before November 1, 1976, and any background file document relating to such written determination shall be open or available to public inspection in accordance with this section.
(2) Time for disclosure.—In the case of any written determination or background file document which is to be made open or available to public inspection under paragraph (1)—
(A) subsection (g) shall not apply, but
(B) such written determination or background file document shall be made open or available to public inspection at the earliest practicable date after funds for that purpose have been appropriated and made available to the Internal Revenue Service.
(3) Order of release.—Any written determination or background file document de-

6110 is further qualified by the grandfather clause included in section 1201(b) of the Tax Reform Act of 1976. Pursuant to the latter, any written determination or background file document which is the subject of a judicial proceeding under the FOIA begun before January 1, 1976, is to be made available as soon as practicable.[19] Finally, section 6110(*l*) states that the new section is the exclusive means, other than pre-trial discovery, of obtaining disclosure of IRS written determinations.[20]

> scribed in paragraph (1) shall be open or available to public inspection in the following order starting with the most recent written determination in each category:
>
> (A) reference written determinations issued under this title;
>
> (B) general written determinations issued after July 4, 1967; and
>
> (C) reference written determinations issued under the Internal Revenue Code of 1939 or corresponding provisions of prior law.
>
> General written determinations not described in subparagraph (B) shall be open to public inspection on written request, but not until after the written determinations referred to in subparagraphs (A), (B), and (C) are open to public inspection.
>
> \* \* \* \* \* \*
>
> Funds have been appropriated for that purpose in the Treasury Postal Service, and General Government Appropriation Act, 1978, Pub.L. No. 95–81, 91 Stat. 341 (1977), which provides, *inter alia*, $3.2 million for the IRS to make available written determinations. *See* S.Rep. No. 95–267 at 18.

**19.** Section 1201(b) reads:

> (b) EFFECT UPON PENDING REQUESTS. —Any written determination or background file document which is the subject of a judicial proceeding pursuant to section 552 of title 5, United States Code, commenced before January 1, 1976, shall not be treated as a written determination subject to subsection (h)(1), but shall be available to the complainant along with the background file document, if requested, as soon as practicable after July 1, 1976.
>
> Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, § 1201(b). *See Fruehauf Corp. v. IRS*, 566 F.2d 574 at 577–78 (6th Cir. 1977). In *Fruehauf Corp.*, the Supreme Court remanded an FOIA suit seeking IRS materials to the Sixth Circuit for reconsideration of the latter's opinion in 522 F.2d 284, in the light of the Tax Reform Act of 1976. 429 U.S. 1085, 97 S.Ct. 1090, 51 L.Ed.2d 530 (1977). *See* note 8, *supra*. On remand, the Sixth Circuit held that § 1201(b) of the Tax Reform Act exempted the suit, which was pending on January 1, 1976,

■ Considered together, sections 6103 and 6110 effectively displace the FOIA with respect to written determinations of the IRS. *See Fruehauf Corp. v. IRS*, 566 F.2d 524, 576–579 (6th Cir. 1977); *Conway v. IRS*, 447 F.Supp. 1128, 1131 (D.D.C., 1978).[21] Written determinations not open to public inspection under section 6110 are confidential and non-disclosable under section 6103 and therefore exempt from the FOIA.[22] Written determinations open to public inspection under section 6110 are disclosable

from the procedural requirements of § 6110. Accordingly, the Sixth Circuit permitted the suit to proceed under the FOIA. By way of contrast, in *Conway v. IRS*, 447 F.Supp. 1128 at 1131–32 (D.D.C.1978) the court held that § 1201(b), did *not* exempt an FOIA action filed on June 20, 1977, even though the plaintiff had initially requested information from the IRS prior to the effective date of the Tax Reform Act.

**20.** Section 6110(*l*) provides:

> (*l*) *Exclusive remedy.*—Except as otherwise provided in this title, or with respect to a discovery order made in connection with a judicial proceeding, the Secretary shall not be required by any Court to make any written determination or background file document open or available to public inspection, or to refrain from disclosure of any such documents.

**21.** Copies of both of those opinions are included in the court file in this case and are discussed herein, *inter alia, supra* at note 19.

**22.** 5 U.S.C. § 552(b)(3) provides in part that matters which are prohibited from disclosure by a statute which "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;" are exempt from the FOIA. *See Fruehauf Corp. v. IRS*, 566 F.2d 574, 578–579 and nn. 5–6 (6th Cir. 1977) (holding that § 6103 qualifies as an exemption statute).

Grenier challenges the applicability of § 6103 to this case on the ground that the "but clause" at the end of § 6103(b), *see* page 839, *supra*, renders § 6103 inapplicable to this case since he (Grenier) does not seek information as to particular taxpayers. It is also to be noted that § 6103 did not go into effect until January 1, 1977, *see* Pub.L. No. 94–455, 90 Stat. 1520, § 1202(i). Thus, arguably, it does not apply to the within action which was commenced on December 23, 1976. *See* note 27, *infra*. The Sixth Circuit has stated that there is "no reason to believe that [§ 6103] would be inapplica-

only pursuant to that section, according to section 6110(*l*). The legislative history of the Tax Reform Act reveals that the Act was meant to supplant the FOIA in this case.[23]

Grenier contends that the procedure for disclosure devised by the Congress in the Tax Reform Act and section 6110 in particular are inapplicable in this case because he (Grenier) made his FOIA request to the IRS on July 29, 1976, three months before section 6110 became effective on November 1, 1976.[24] Grenier did not file this suit until December 23, 1976, well after section 6110 had become effective. Accordingly, the

giving of effect to that section does not constitute an instance of retrospective application of a statute. However, even if the contrary were true, such application of section 6110 passes muster in this case for several reasons.

First, section 1201(b) of the Tax Reform Act[25] excepts from the procedure set out in section 6110 FOIA cases pending in the courts as of January 1, 1976. The necessary implication of that provision is that court actions seeking IRS written determinations which were filed after January 1, 1976 are governed by section 6110.[26]

ble to any pending action on its January 1, 1977 effective date." *Fruehauf Corp. v. IRS, supra,* at 578, n. 4 (6th Cir. 1977). In addition, § 6110(*l*) (*see* note 20, *supra*) ousts the FOIA as a means of access to IRS written determinations. *See Fruehauf Corp. v. IRS, supra,* at 576–577. That section became effective November 1, 1976, well before Grenier instituted the within action. Pub.L. No. 94–455, § 1201(e).

23. The Congress expressed approval of the *Tax Analysts* and *Fruehauf* opinions, *see* note 8, *supra,* and a desire to make IRS letter rulings generally open to public inspection. *See* H.R. Rep. No. 94–658 at 312–16, *reprinted in* 1976 U.S.Code Cong. & Admin.News p. 2897; S.Rep. No. 94–938 at 304–07, *reprinted in* 1976 U.S. Code Cong. & Admin.News p. 3439. However, while affirming the principle of disclosure established by those FOIA decisions, the Congress believed that "the problems [concerning disclosure of IRS written determinations] should be resolved by legislation, since the courts have not previously been given guidance by the Congress on these difficult issues in the tax field." H.R.Rep., *supra,* at 315; S.Rep., *supra,* at 306; U.S.Code Cong. & Admin.News 1976, pp. 3211, 3735. Thus, in § 6110, the Congress fashioned a mini-FOIA geared to tax law and practice. The exemptions from disclosure in § 6110 substantially parallel those in FOIA, 5 U.S.C. § 552(b). *See* H.R.Rep., *supra,* at 317–21; S.Rep., *supra,* at 309–14. Actions to obtain additional disclosure, under § 6110(f), are covered by the same rules which apply in an FOIA action. *See* H.R.Rep., *supra,* at 324–25; S.Rep., *supra,* at 314. The Senate Report, the latter of the two reports, states that § 6110 is to be "an exclusive remedy with respect to the disclosure of rulings and related material." S.Rep., *supra,* at 306; U.S.Code Cong. & Admin.News 1976, p. 3735. The Senate amendment to the bill added § 6110(*l*) providing for exclusivity of that remedy. With reference to that provision the Senate Report specifically

excludes the FOIA from future application to letter rulings:

> Under the committee amendment, the public inspection of rulings, technical advice memoranda, and *determination letters and related background files could be accomplished only pursuant to the rules and procedures set forth in the amendment,* and not those of any other provision of law, such as the FOIA. However, the amendment is not to be construed as excluding production pursuant to a discovery order made in connection with a judicial proceeding, or with respect to requests pending in the courts under the FOIA.

S.Rep., *supra,* at 314–15; U.S.Code Cong. & Admin.News 1976, p. 3744. The Senate amendment was subsequently adopted by the House. *See* Joint Statement of the Committee of Conference, H.Conf.Rep. No. 94–1515 at 474–75, *reprinted in* 1976 U.S.Code Cong. & Admin.News p. 4118.

Grenier relies on certain remarks made by Congressman Vanik, *reprinted in* 1976 U.S. Code Cong. & Admin.News pp. 3330–34, in which that Congressman stated that the relationship between the FOIA and § 6110 is "not entirely clear". The Congressman urged that the report language should clearly state that the Tax Reform Act provisions do not supersede the FOIA. However, in the light of the language of the subsequent Senate Report and of § 6110(*l*) itself, such expressions of doubt are not of controlling force.

24. Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, § 1201(e).

25. *See* note 19, *supra.*

26. Grenier insists that the statute is unclear concerning the treatment of FOIA requests pending administratively at the date of enactment. However, it is clear enough. Further, it is to be noted that § 1201(b) is entitled "Effect Upon Pending Requests" and constitutes the only exception in the Act of the timetable for

842

Second, statutes which relate to remedies, which sections 6103 and 6110 certainly do, are generally given retrospective application and applied to cases pending at the time of enactment, unless such application works "a manifest injustice by destroying a vested right."[27] The displacement of the FOIA by section 6110 with respect to certain IRS materials affirms the availability to the public of IRS written determinations. It merely alters the procedures for obtaining disclosure. In this case that displacement means that Grenier cannot herein obtain from this Court the relief he seeks. Rather, he must apply to the IRS under applicable procedures.[28] If Grenier so does, everything which would be available to him pursuant to an FOIA request will seemingly be disclosable to him as a member of the public under section 6110(a)[29] "at the earliest practicable date".[30] In addition, the information Grenier seeks is discoverable by him in the event of litigation.[31]

Accordingly, defendant is entitled to the grant of summary judgment in this case.[32]

release of written determinations set out in § 6110(g) and (h), see notes 18 and 19, supra.

**27.** Koger v. Ball, 497 F.2d 702, 706 (4th Cir. 1974). See also Bradley v. Richmond School Board, 416 U.S. 696, 711 et seq., 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), cited in Fruehauf Corp. v. IRS, at 577–578 (6th Cir. 1977), in support of the Sixth Circuit's statement that 26 U.S.C. § 6110 is applicable to pending suits unless the suit is excepted by § 1201(b) of the Tax Reform Act. But cf. Greene v. United States, 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964). None of the cases cited in this note 27 are either FOIA or tax cases other than Fruehauf.

**28.** See 26 U.S.C. § 6110(f).

**29.** See note 17, supra.

**30.** Section 6110(h)(2). See also H.R.Rep. No. 94–658 (at p. 322); U.S.Code Cong. & Admin. News 1976, p. 3218:

Further, in order to permit the IRS to focus its primary attention under the ruling program upon the issuance and disclosure of new determinations, the bill provides that the

general rule for the time for disclosure of a determination does not apply to prior determinations. Rather, prior determinations would be disclosed as soon as practicable after the effective date of the provision, contingent on the availability of funds specifically appropriated to the IRS for the purpose of making prior determinations open to public inspection. To the extent practicable, prior determinations are to be made open to public inspection in the order of their date of issuance, beginning with the first determinations issued after July 4, 1967.

**31.** See 26 U.S.C. § 6110(*l*); note 20, supra. It is also to be noted that, subject to the applicable statutory exceptions, written determinations issued in response to requests made after November 1, 1976 are already available to Grenier pursuant to 26 U.S.C. § 6110(g) and (h).

**32.** It follows that Grenier's quests for waiver of production fees under 5 U.S.C. § 552(a)(4)(A) and for attorney fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E) should be and hereby are denied.