Wallace **CHAVKIN** and Biddle Sawyer Corporation, Plaintiffs,

v.

Donald **ALEXANDER,** Commissioner of the Internal Revenue Service and the Internal Revenue Service, Defendants.

No. 75 Civ. 398.

United States District Court,
S. D. New York.

Oct. 6, 1975.

Emmet, Marvin & Martin, New York City, for plaintiffs; Thomas B. Fenlon, New York City, of counsel.

Paul J. Curran, U. S. Atty., S. D. N. Y. New York City, for defendants; John S. Siffert, Asst. U. S. Atty., of counsel.

## OPINION

FRANKEL, District Judge.

Through the storms of the papers this case is discovered to consist mostly of overblown claims on plaintiffs' side countered by obstinate triviality on the side of government agents. The ultimate insignificance of the controversy is not rendered worthier by the invocation of lofty principles on both sides.

The complaint arises from a letter seemingly sent by an ex-employee of plaintiff corporation alleging the use of devices that resulted in improper underpayment of taxes. After receipt of the letter the corporation was audited for the year 1973. Among the inconsequential things in dispute is whether the letter triggered the audit. Whatever may be the fact about that, the audit resulted in a revenue agent's recommendation that the corporation be required to pay $72,103 in additional taxes. The administrative process respecting the tax is not yet ended.

The instant action is brought by the taxpayer corporation and its president for two forms of relief relating to the accusing letter: (1) that defendant Internal Revenue officials produce it "or a true copy thereof" to the plaintiffs' and (2) that "the letter and all record of the substantive contents thereof be expunged from the files of the defendant Internal Revenue Service. . . ."

Plaintiffs invoke the valued rights given by the Freedom of Information Act. Defendants invoke the variant of the informant's privilege preserved under the Act, 5 U.S.C. § 552(b)(7), as amended by Pub.L. 93–502, § 2. Plaintiffs counter with the assurance that they do not desire at all to know the identity of the letter-writer. Rather, they say, endlessly and unpersuasively, they wish only to know the precise allegations in the letter "so that they may refute the same." * If it mattered, as it does not very much, this argument would be found nearly weightless; plaintiffs' task, after all, is not to "refute" the letter, but to show why in fact any alleged deficiency in tax should not be assessed.

But it is not needful to tarry over this or the several other arguments with which the parties have thickened the file. Upon defendants' motion for summary judgment, two dispositive things have appeared:

(1) The defendants are prepared to give all of the contents of the letter to plaintiffs, with two deletions.

(2) The proposed deletions are absurd; having seen the unexpurgated letter, the court knows, as government counsel does, that the deleted information is known to defendants.

What defendants insist they must delete, invoking deep concerns for law enforcement, are only some words showing the letter-writer described himself as an ex-employee of defendant corporation. Plaintiffs know this, however. They know it because an I.R.S. agent, evidently by mistake and without authority, showed the whole letter to one of plaintiff corporation's accountants. Plaintiffs argue from this comic incident that any supposed privilege was thus waived. Without adopting that view, the court discerns no reason for additional fussing about the purported need to conceal the non-secret.

 Defendants' motion is denied with respect to the demand for production, but granted in its remaining aspect. Plaintiffs' counter-prayer for summary judgment is granted to the extent that defendants must deliver a full text, without deletions, of the letter. The text may be typewritten, to avoid the possible identification of the letter-writer, which plaintiffs say they do not seek in any event. The demand that the letter be expunged is unfounded. It is denied.

Settle a final judgment on notice.

---

* Complainants' Memorandum in Opposition to Defendants' Motion for Summary Judgment 17. It is not necessary to cite or quote the too numerous other places where this assertion is repeated.