**Bart B. CHAMBERLAIN, Jr., etc., Plaintiff,**

v.

**Donald C. ALEXANDER, etc., et al., Defendants.**

**Civ. A. No. 7742–73.**

United States District Court, S. D. Alabama, S. D.

March 31, 1976.

G. Sage Lyons, Mobile, Ala., Satterlee & Stephens, New York City, Lester M. Bridgeman, Washington, D. C., for plaintiff.

C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Robert E. Noel, Donald J. Gavin and John M. Cunningham, Tax Division, Justice Dept., Washington, D. C., for defendants.

## ORDER

PITTMAN, Chief Judge.

This cause is before the court on cross motions for summary judgment filed by the parties.

This suit was filed pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to obtain various documents from officials of the Internal Revenue Service (IRS). The FOIA was amended subsequent to the first hearing on the cross motions for summary judgment. The new amendments became effective on February 19, 1975. The issues raised by the new amendments were briefed by the parties, an additional hearing for oral arguments was held, and the cause was submitted for resolution by the court.

The plaintiff is currently engaged in a dispute with the IRS over his tax liability for certain past tax years. The dispute is now at the administrative level. In early 1973, the plaintiff sought the production of certain documents by the IRS pursuant to the provisions of the FOIA. This suit was instituted when the IRS refused voluntary compliance with the plaintiff's requests.

The plaintiff's application to the IRS contained 17 requests for production of various materials and documents relating to the IRS audit of his taxes. These requests, which form the basis for this action, range from the work papers of the agents assigned to his case, to numerous intra-agency communications involving possible fraud violations and statute of limitation problems, to sections of the IRS Manual for its agents.

Some of the information requested by the plaintiff has been released to him by the IRS during the course of this litigation. The majority of this disclosed information was released only after persistent efforts on the part of the plaintiff and under orders of this court.

Subsequent to the last reluctant disclosure to the plaintiff, the IRS submitted a large mass of documents to the court for in camera inspection and evaluation of the exemptions from disclosure and a final index. These documents constitute the remaining items in controversy in this action. A "final index" of the documents which appears to be complete was compiled and submitted with the documents tendered to the court along with a statement from the IRS as to why disclosure of the remaining documents has been resisted. The "final index" and the brief "statement of reasons" for resisting disclosure of the documents in controversy are attached to this order as Appendix A and B. It should be noted that Appendix A, the final index, also contains documents which have been released to the plaintiff during the pendency of this action. The IRS has circled the numbers of the documents which are still in controversy and have not been disclosed.

In part I of this order (below) the court discusses the scope and purpose of the

FOIA, the statutory exemptions from disclosure which have been asserted in this action, and the burden of proof required with regard to the claimed exemptions. In part II of this order (below), the court sets forth its evaluation of the documents in controversy with regard to the exemptions claimed by the IRS as to these documents. The court's evaluation of specific documents in part II must necessarily be brief because of the amount of documents involved. Accordingly, the evaluation of specific documents in part II should be read as incorporating relevant portions of the preliminary discussion in part I.

### I.

■ The FOIA was passed by Congress in response to a general dissatisfaction with its predecessor statute, 5 U.S.C. § 1002, which had come to be looked upon more as a withholding device than as a disclosure statute. *EPA v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). The Act sets out in subdivision (a) the types of materials which are to be disclosed. As the Act is structured, "virtually every document generated by an agency is available to the public in one form or another, unless it falls within one of the Act's nine exemptions." *NLRB v. Sears, Roebuck and Co.,* 421 U.S. 132, 136, 95 S.Ct. 1504, 1509, 44 L.Ed.2d 29, 39 (1975).

The FOIA has the broad goal of "creat[ing] a judicially enforceable right to secure . . . information from possibly unwilling official hands." *EPA v. Mink,* 410 U.S. at 80, 93 S.Ct. at 832, 35 L.Ed.2d at 128. The Act is fundamentally designed to inform the public about agency action and not to benefit private litigants. A person's rights under the Act, however, are neither decreased nor increased because he claims an interest in the particular agency document sought to be disclosed greater than the interest shared by the average member of the public. See *NLRB v. Sears,* 421 U.S. at 143, 95 S.Ct. at 1513, 44 L.Ed.2d at 43,

ftn. 10 and *EPA v. Mink,* 410 U.S. at 79, 93 S.Ct. at 832, 35 L.Ed.2d at 127.

■ The nine statutory exceptions to the disclosure requirements of the Act are contained in § 552(b), as amended. Since the emphasis of the Act is on disclosure, the material sought must be disclosed unless it is specifically exempted. The exemptions from disclosure are to be "narrowly construed," *Washington Research Project, Inc. v. HEW,* 164 U.S.App.D.C. 169, 504 F.2d 238 (1974), cert. denied 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1974) and the agency withholding disclosure has the burden of sustaining its action. *Seafarers International Union, AFL–CIO v. Baldouin,* 508 F.2d 125 (5th Cir. 1975), vacated on other grounds, 511 F.2d 1161 (5th Cir. 1975), *Tax Analysts and Advocates v. IRS,* 164 U.S. App.D.C. 243, 505 F.2d 350 (1974). Furthermore, § 552(b) requires that "any reasonable segregable portion of a record" be provided to a requesting party "after deletion of the portions which are exempt under" § 552(b).

In the instant case the defendants have relied variously upon the exceptions set forth in § 552(b)(3), (5), (6), and (7)(A), (7)(C), (7)(D), and (7)(E) (hereinafter exceptions "3, 5, 6, and 7(A), 7(C), 7(D) and 7(E) [1] and upon § 552(a)(2)(C) (hereinafter provision (a)(2)(C) )".

The following portion of this order sets forth the statutory language of the various exemptions claimed by the defendants. The quotations are followed by a discussion of the specific exemption.

A. *Exception 3 (§ 552(b)(3) )*

"(b) [The FOIA] does not apply to matters that are—

(3) specifically exempted from disclosure by statute;"

■ The defendants assert Exception 3 primarily in regard to their contention that there should be no disclosure of portions of certain documents which give the names or information concerning "unrelated" or

---

1. It should be noted that exception 7 was the only exception here involved that was changed by the Amendments to § 552(b). Exceptions 3, 5, and 6 were not changed by the Amendments.

"third party taxpayers." The defendants assert that this information is protected by §§ 6103 and 7213 of the Internal Revenue Code of 1954, and their implementing Regulations as well as by 18 U.S.C. § 1905. Those provisions deal with the limitation of access to tax returns and the penalties for disclosure of such information. Although § 6103 does provide for some disclosure of records to certain specified entities for limited purposes, it is the opinion of this court that most of the defendants' Exception 3 contentions are well taken with regard to information in the challenged documents concerning the "unrelated" or "third party taxpayers."

Inasmuch as the court hereinafter under Exception 7 finds the plaintiff is not entitled to disclosure of the Grand Jury testimony on a factual basis, the court does not deem it wise nor necessary to determine the effect of a possible conflict of FOIA and F.R.Crim.P. # 6(e).

B. *Exception 5 (§ 552(b)(5))*

"(b) [The FOIA] does not apply to matters that are—

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

In *NLRB v. Sears, Roebuck and Co.,* 421 U.S. at 146, 95 S.Ct. at 1514, 44 L.Ed.2d at 46–57, the court dealt extensively with Exception 5. The court prefaced its discussion with the following observation:

Exemption 5 withholds from a member of the public documents which a private party could not discover in litigation with the agency. [citation omitted] Since virtually any document not privileged may be discovered by the appropriate litigant, if it is relevant to his litigation; and since the Act clearly intended to give any member of the public as much right to disclosure as one with a special interest therein, [citation omitted], *it is reasonable to construe Exemption 5 to exempt* those documents, and *only those documents, normally privileged in the civil discovery context.* 421 U.S. at 148, 95 S.Ct. at 1515, 44 L.Ed.2d at 47.

█ The court has examined the defendants' Exemption 5 contentions with regard to the teachings of *NLRB v. Sears, Roebuck and Co.,* particularly with regard to documents reflecting "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions are formulated." In that regard, the Supreme Court followed the distinction set up by the lower court allowing exemption of pre-decisional communications but requiring disclosure after the decision and designed to explain it. Thus, communications which constitute *final agency disposition* are not exempt under exception 5.

C. *Exception 6 (§ 552(b)(6))*

"(b) [The FOIA] does not apply to matters that are—

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

The defendants assert exemption 6 with regard to a limited number of documents, each dealing with running of the statute of limitations on the plaintiff's 1966 tax return. These documents all concern the acknowledged failure of an IRS agent to protect tax year 1966 against the lapse of the statute of limitations. It has been acknowledged by the defendants that the agent received an official letter of reprimand which has since been destroyed.[2]

█ Exemption 6 requires a balancing of interests to determine whether disclosure is proper. In *Getman v. NLRB,* 146 U.S.App.D.C. 209, 450 F.2d 670 (1971) the court set forth a balancing test and pointed out that only clearly unwarranted invasions of privacy are prohibited by the exception. The court noted:

---

**2.** The defendants by brief have acknowledged that this letter was placed in the agent's personnel file in 1966. The letter was destroyed after two years pursuant to the requirements of the Civil Service Commission.

Exception (6) requires a court reviewing the matter *de novo* to balance the right of privacy of affected individuals against the right of the public to be informed; and *the statutory* language "clearly unwarranted" instructs the court to tilt the balance in favor of disclosure. 450 F.2d at 674.

■ The court has reviewed the documents in light of the balancing test and concludes that disclosure of the nature of the statements in these documents is not prohibited by exception 6 since all parties are aware of the letter of reprimand. These documents contain nothing more that could be considered to be "personal" or "intimate" regarding the agent.[3]

### D. Exception 7 (§ 552(b)(7)

"(b) [The FOIA] does not apply to matters that are—

(7) Investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, . . . (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation . . . confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures."

The defendants place their primary reliance on exemption 7 and its subparts for the exemption of the majority of the documents involved in this action.

This exception is the result of extensive amendments. Prior to amendment, the provision provided a broad exception from disclosure for "investigatory *files* compiled for law enforcement purposes except to the extent available by law to a party other than an agency."

The Amendment substituted the word "records" (i. e. documents) for the word "files," thus rendering obsolete prior case law which construed the word "files" to provide a broad basis for nondisclosure under the original version of exemption 7. See e. g., *Ditlow v. Brinegar,* 161 U.S.App. D.C. 154, 494 F.2d 1073 (1974) and cases collected. These cases stood for the proposition that no effort need be made to consider individual documents where the "file" had been compiled in the course of an investigation within the purview of the FOIA.

■ The insertion of the new word "records" and the qualifying clauses added by amendment to exception 7 have considerably narrowed that exception to the disclosure provisions of the FOIA.

■ The legislative history of the amendment also indicates that the new version of exemption 7 was enacted to limit the effect of such cases as *Weisberg v. Dept. of Justice,* 160 U.S.App.D.C. 71, 489 F.2d 1195 (1973) which expanded the scope of old exemption 7 to protect past proceedings, and enforcement proceedings not specifically contemplated at the time of the investigation. This court reads the new provision as being in accord with the teaching of *Bristol-Myers v. F.T.C.,* 138 U.S.App.D.C. 22, 424 F.2d 935 (1970), cert. denied 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970), which held that the District Court had a duty to examine "files" there, "records" here, in an investigation exempted by exemption 7 which must be in aid of a "concrete, prospective" proceeding to determine if they are exempt or should be disclosed in a proceeding such as before this court.

■ This court has been quite concerned with the transcript of the testimony of Jo Ann Flirt before the Grand Jury for the Middle District of Alabama. (Document 16C(1)(d)). The defendants assert Exception 7(A) and 7(C) to bar disclosure of this document.[4]

---

3. The court does determine that a marked portion of document No. 55G should not be disclosed since that portion deals with a separate individual.

4. The defendants also assert Exception 3. See discussion under Exemption 3, supra, rejecting the defendants' reliance on that exemption.

The plaintiff contends that the questioning of Miss Flirt before the Grand Jury was, in fact, a perversion of the legitimate purpose of the Grand Jury system. Although the chronological presentation of these matters before the Grand Jury with reference to plaintiff's tax controversy creates suspicions as plaintiff contends, the records before the court persuade the court there was not a perversion of the Grand Jury process. The court believes that the transcript should not be disclosed.

D. *Provision (a)(2)(C) (§ 552(a)(2)(C)*

§ 552(a)(2)(C) requires the production by agencies of—

"administrative staff manuals and instructions to staff that affect a member of the public."

 The defendants assert Provision (a)(2)(C) as a bar to the disclosure of portions of the Internal Revenue Manual (IRM).

It should be noted, that Provision (a)(2)(C) is a disclosure requirement rather than an exemption from disclosure. However, the provision deals with disclosure of "administrative" materials and has been construed to exempt by implication materials that are "law enforcement materials."

In *Stokes v. Brennan,* 476 F.2d 669 (5th Cir. 1973), and *Hawkes v. IRS,* 476 F.2d 787 (6th Cir. 1972), the courts determined that the use of the term "administrative" implies that agency manuals and staff instructions which contain law enforcement materials, as opposed to administrative materials, may be protected to the extent that their disclosure would significantly impede law enforcement.

The defendants contend that the provisions of the IRM here involved are "law enforcement materials" rather than mere "administrative provisions."

It is the opinion of this court that the provisions of the IRM here involved are "law enforcement materials" and should not be disclosed since disclosure of such provisions would expose confidential details of the IRS's enforcement program.

II.

The court now turns to an examination of the documents involved in this action. Part A deals with the documents the court determines should be disclosed in whole or in part. Part B deals with the documents the court determines should not be disclosed. In some cases the defendants have submitted multiple copies of a single document which differ only in the document number assigned to the documents. In these instances the court has grouped the multiple copies together for consideration of the documents as a unit.

A. Documents to be Disclosed in Whole or in Part.

| Document Number | Exemption(s) Claimed | Comments |
|---|---|---|
| 4D | 3 | Disclose in its entirety - exemption rejected |
| 6 | 3, 7A | Disclose in part - disclose papers submitted by plaintiff. Exclude rest |
| 8C | 3 | Disclose in part - exclude marked materials |
| 8D | 5, 7A | Disclose in entirety |
| 10F | 5, 7A | " " " |

| Document Number | Exemption(s) Claimed | Comments |
|---|---|---|
| 11 (also submitted as 16A12, 16B1, 16B2) | 5, 7A, 7C | Disclose in entirety |
| 13A | 5, 7A | Disclose in part - exclude para. 2 |
| 13B | 5 | Disclose in entirety |
| 14E | 3, 7C | Disclose in entirety |
| Note 16C8g consists of copies of 13A and 13B | 5, 7A | Disclose portion of 16C8g corresponding to 13A in same manner as 13A |
| | | Disclose portion of 16C8g corresponding to 13B in same manner as 13B |
| 14M | 5 | Disclose only first page |
| 14 O | 3 | Disclose in entirety |
| 15A | 7A, 7D | Disclose in part - exclude name of informant |
| 15L | 3 | Disclose in part - exclude circled portion |
| 15N (also submitted as 16C8t | 5 | Disclose in part - exclude marked sentence |
| 15DD (also submitted as 16C8n | 5 | Disclose in part - exclude marked sentence |
| 15MM | 5 | Disclose in part - exclude marked sentence |
| 16A6 (also submitted as 55I | 3 | Disclose in part - exclude marked portions |
| 16A20 | 5, 7A | Disclose in part - exclude circled portions |
| 16A45a | 5, 7A, 7C | Disclose in part - exclude marked portion |
| 16A45h (includes 16A45j, 16C15b,e | 5, 7A, 7C | Disclose in part - exclude marked portion |

| Document Number | Exemption(s) Claimed | Comments |
|---|---|---|
| 16A46h (included in 16C16g | 7A | Disclose in entirety |
| 16B5(W8-4) | 7A | Disclose in part - exclude audit work-papers |
| 16C8e | 5 | Disclose in entirety |
| 16C12a | 7A, 7C | " " " |
| 16C12b | 7A, 7C | " " " |
| 16C12c | 7A, 7C | " " " |
| 1614b | 5, 7A, 7C | Disclose routing slip-exclude circled portion. Disclose Form 3948 Exclude Form 2797 |
| 1614i | 7A, 7C | Disclose all |
| 1614j | 7A, 7C | Disclose all |
| 16C14K | 7A, 7C | Disclose all |
| 16C15g & f | 7A, 7C | Disclose all |
| 16C15j & k | 7A, 7C | Disclose all |
| 16C16 | 7A, 7C | Disclose all |
| 28D | 7A | Disclose in part - Disclose workpapers for field in 1959-61 |
| 36A | 3, 7A, 7C | Disclose all |
| 39 | 7A, 7E | Disclose all |
| 40 | 7A, 7E | Disclose all |
| 43 | 7A, 7E | Disclose all |
| 44 | 7A, 7E | Disclose in part - exclude marked portions |
| 47 | 3, 5, 7A, 7E | Disclose in part - exclude only "Proposed Work Plan" |
| 48 | 3, 5, 7A, 7E | Disclose in part - exclude circled portion |

| Document Number | Exemption(s) Claimed | Comments |
|---|---|---|
| 50e | 3, 7A, 7E | Disclose in part – exclude names only |
| 55A | 6 | Disclose all |
| 55E | 6 | " " |
| 55F | 5, 6 | Disclose in part – exclude circled portions |
| 55G | 6 | Disclose in part – exclude circled portions |
| 55K | 3, 5, 7A | Disclose in part – exclude name on page 1 – exclude final paragraph |
| 55L | 6 | Disclose in part – exclude marked portion |
| 55M | 6 | Disclose in part – exclude marked sentences |
| 55N | 5, 6, 7A | |
| 55-O | 6 | Page 2 – disclose all Page 3 – exclude marked portion |
| 55P | 6 | Disclose in part – exclude circled paragraph |
| 55Q | 6 | Disclose in part – exclude first paragraph |

### B. Documents Withheld

| Document Number | Exemption | Comments – Grounds for Withholding |
|---|---|---|
| 3 | 5, 7A | Engineering report – per 5 Work papers – per 7A |
| 8 | 3, 7A | Workpapers – per 7A |
| 13 (same as 16B4 and 16A42 | 5, 7A, 7C | per 5 and 7 A |
| 14A | 5, 7A | per 7A and 5 |
| 15B | 7A, 7D | per 7A |
| 15D (Same as 16C8p) | 5, 7A | per 7A and 5 |
| 15BB | 5 | 5 |
| 16A1 (same as 16C84 | 3, 5, 7A, 7C | 5 |

| Document Number | Exemption | Comments – Grounds for Withholding |
|---|---|---|
| 16A2 & 16A3 | 3, 5, 7A, 7C | 5 |
| 16A5 | 3, 5, 7A, 7C | 5 |
| 16A18 | 5 | 5 |
| 16A19 (also 16C8i) | 5, 7A, 7C | 5 |
| 16A29 | 5 | 5 |
| 16A31 (also 16C14h, 16B5(W2-23) 16C11j | 3, 5, 7A, 7C | 5, 7A |
| 16A32 (see also 1668m | 5, 7A, 7C | 5 |
| 16A40 | 3, 5, 7C | 5 |
| 16A42 (see also 16C8u | 5, 7A, 7C | 5 |
| 16A44v (see also 16B3, 16C11L, 16C16j, 16C11k | 5, 7A | 5, 7A |
| 16C1c | 7A, 7C | 7A, 7C |
| 16C1d | 3, 7A, 7C | 7A, 7C |
| 16C10.b, d, g | 7A, 7C | 7A |
| 16C14l | 3, 7A | 7A |
| 16C16e (contains 16A45c, e, and 16A46l | 5, 7A, 7C | 5 |
| 21, 21B, 24, 24A, 27 | 7A | 7A |
| 23b | 5 | 5 |
| 38 | 7A | 7A |
| 42 46 (supp. to 42) | 5, 7A, 7E | 5 |
| 46 (supp. to 42) | 5, 7A, 7E | 5 |
| 50A, 50B, 50C | 3, 5, 7A, 7E | 3, 5 |
| 52 | 3, 5, 7A, 7E | 5 |
| 55H, 55J | 7A | 7A |
| IRM (Internal Revenue Manual) See folder B | Provision (a)(2)(C) | Provision (a)(2)(C) |

It is therefore ORDERED, ADJUDGED and DECREED as follows:

(1) The documents described in Part II A of this order shall be disclosed to the plaintiff in accord with the directions contained in Part II A in the manner hereinafter detailed.

(2) The documents described in Part II A shall be placed in a sealed file folder with an appropriate identifying designation for a period of thirty (30) days, from the entry of this order.

(3) The folder shall remain sealed for a period of thirty (30) days after which the documents shall be released to the plaintiff unless this action is appealed in which case the documents shall be retained in the folder for consideration by the appellate court.

Costs shall be taxed against the defendants.