**Mary LUZAICH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 4-76-Civ. 442.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 16, 1977.

---

33

Richard I. Diamond, Schermer, Schwappach, Borkon & Ramstead, Minneapolis, Minn., for plaintiff.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., Donald J. Gavin, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

LARSON, District Judge.

Plaintiff Mary Luzaich commenced this suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the Internal Revenue Service to disclose a letter contained in her 1974 "Audit Administrative File." The IRS asserts that the letter is exempt from disclosure under the provisions of § 552(b)(3), (b)(7)(C) and (7)(D). Cross motions for summary judgment have been filed.[1] For the reasons set forth herein, the Court concludes that portions of the letter are exempt from disclosure while other portions must be disclosed. Both motions will therefore be granted in part and denied in part.

Plaintiff requested access to "all information contained in the Audit Administrative File for the year 1974." The entire file was disclosed to her except for the letter which is the subject of this suit. Plaintiff's request was prompted by an audit of her 1974 Federal income tax returns.[2] During the audit plaintiff learned that it was initiated because of information received from a third party. Although nowhere stated as such, the obvious purpose of this lawsuit is to learn the identity of the informant and the nature of the "tip."

The letter at issue constitutes the tip, which was evidently unsolicited. The IRS contends that this document is exempt from disclosure under the following provisions of subsection (b) of the FOIA:

"(b) This section does not apply to matters that are—

    \*    \*    \*    \*    \*    \*

(3) specifically exempted from disclosure by statute; [or]

    \*    \*    \*    \*    \*    \*

1. In connection with defendant's motion for summary judgment the letter was submitted to the Court for *in camera* examination.

Plaintiff also moves to amend her complaint to add the I.R.S. as a party defendant. This motion will be granted.

2. No additional taxes, fines, or penalties were levied as a result of the audit.

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . (C) constitute an unwarranted invasion of personal privacy, [or] (D) disclose the identity of a confidential source . . . ."

■ The discussion may well begin with the observation that the FOIA evidences a strong congressional commitment to disclosure of government information. *Dept. of the Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). This policy is not obscured by the fact that Congress also provided for nine exemptions from compelled disclosure.

" 'These exemptions are specifically made exclusive, 5 U.S.C. § 552(c) . . . . [*E.P.A. v. Mink,* 410 U.S. 73, 79, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973)] and must be narrowly construed." *Id.* at 361, 96 S.Ct. at 1599.

The burden of proof is on the defendant to prove that the document is exempt from disclosure. § 552(a)(4)(B).

With this framework in mind, the Court turns to the exemptions claimed herein. The seventh exemption originally covered "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency." In 1974 this exemption was revised in response to a series of court decisions broadly interpreting the language of the exemption.[3] It is no longer enough that

the material sought be within an investigatory file compiled for law enforcement purposes. Even these records must be disclosed unless the government can demonstrate that it would interfere with one or more enumerated governmental interests related to law enforcement.[4]

■ In order to evaluate the claims under exemption 7, the Court must first determine whether the letter at issue is an investigatory record[5] compiled for law enforcement purposes. It is clear that by this last phrase Congress intended to include enforcement of the civil laws as well as criminal. *E. g., Williams v. I.R.S.,* 345 F.Supp. 591, 593 (D.Del.1972), *aff'd,* 479 F.2d 317 (3rd Cir. 1973) (per curiam), *cert. denied sub nom. Donlon v. I.R.S.,* 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973). Citizens' letters providing information to a law enforcement agency, which the I.R.S. clearly is, must be deemed to be investigatory records, particularly where as here the letter was placed in investigatory files and actually prompted at least one audit. *Evans v. Dept. of Transportation,* 446 F.2d 821, 824 and n. 1 (5th Cir. 1971) *cert. denied,* 405 U.S. 918, 92 S.Ct. 944, 30 L.Ed.2d 788 (1972) (letter to F.A.A.); *Koch v. Dept. of Justice,* 376 F.Supp. 313 (D.D.C.1974) (letter to F.B.I.). *See Phila. Newspapers, Inc. v. U.S. Dept. of Justice,* 405 F.Supp. 8 (E.D.Pa. 1975) (letters to Parole Board held not investigative records). These cases illustrate

---

3. The history of this amendment is set forth in detail in *Title Guarantee Co. v. N.L.R.B.,* 534 F.2d 484 (2nd Cir. 1976), and *Church of Scientology, Etc. v. U.S. Dept. of Justice,* 410 F.Supp. 1297 (C.D.Cal.1976).

4. Thus exemption 7 now covers
"investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential *information* furnished only by the confiden-

tial source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel[.]"
Interestingly enough, exemption 7 has recently been tested in a large number of FOIA suits by parties otherwise involved in NLRB proceedings. Attempts are being made to use the FOIA as a discovery tool because of the limited provisions for discovery in the labor proceedings.
*See* Judge Frankel's comical opinion involving exemption 7 and similar facts, *Chavkin v. Alexander,* 401 F.Supp. 817 (S.D.N.Y.1975).

5. The 1974 amendments further narrowed the scope of exemption 7 by substituting the term "records" for "files." *Chamberlain v. Alexander,* 419 F.Supp. 235 (S.D.Ala.1976).

the principle that law enforcement agencies necessarily rely on information from concerned citizens. The Court finds that the subject letter is an investigative record compiled for law enforcement purposes.

This finding does not end the inquiry. An investigative record must be disclosed unless the government can prove that such action would cause specific harm. *See* n. 4, *supra.* Here the I.R.S. claims that disclosure would reveal the identity of a confidential source. § 552(b)(7)(D). During consideration of the 1974 amendments Congress initially inserted the word "informer" but later substituted the broader term "confidential source." *Church of Scientology, Etc. v. U.S. Dept. of Justice,* 410 F.Supp. 1297 (C.D.Cal.1976). Relying on the legislative history, courts have decided a source is confidential if the information was provided under an express or implied pledge of confidentiality. *Phila. News, supra,* at 12. *Accord, Committee on Masonic Homes, Etc. v. N.L.R.B.,* 414 F.Supp. 426, 432 (E.D.Pa. 1976). *See Church of Scientology, supra,* at 1302.

■ The I.R.S. has not described, by affidavit or otherwise, why it considers the author of the letter a confidential source. Indeed, *in camera* examination reveals that the document is unsigned. The author obviously intended to remain anonymous. Nevertheless, the letter suggests that a certain person be contacted for further information. Since a special request is relayed in the letter, this named informant clearly knows the author (if in fact they are not one and the same). Under these circumstances the Court finds that an implied pledge of confidentiality is to be inferred and that the anonymous writer is a confidential source. The Court further finds that disclosure of the references to the named informant would disclose the identity of a confidential source.

■ The same cannot be said of the rest of the letter. Although the I.R.S. contends that disclosure of any portion of the letter would reveal the identity of the source, it has failed to substantiate this claim with supporting affidavits. Examination of the letter discloses that the statements and allegations are so general and vague that their source in all probability cannot be determined. Exemption 7(D) does not authorize nondisclosure of the remainder of the letter.

■ But two other exemptions are said to provide such justification for at least the portion of the letter referring to third parties. Under Exemption 3, the I.R.S. contends that this part of the letter is specifically exempted from disclosure by 26 U.S.C. §§ 6103, 7213 and 18 U.S.C. § 1905. The last cited statute merely "prescribes the penalties for disclosure of confidential information; it is therefore irrelevant to the defendant's claim." *Tax Reform Research Group v. I.R.S.* ("TRRG"), 419 F.Supp. 415, 418 (D.D.C.1976).

Sections 6103 and 7213 provide:

"for protection of the privacy of taxpayers filing tax returns and are designed to prevent disclosure of information contained either in the returns or in documents filed in conjunction therewith which enable the secretary or his delegate to determine tax due the United States." *Tax Analysts & Advocates v. I.R.S.,* 164 U.S.App.D.C. 243, 505 F.2d 350 (1974). *Accord, Fruehauf Corp. v. I.R.S.,* 552 F.2d 284 (6th Cir. 1975), *cert. granted* 423 U.S. 1047, 96 S.Ct. 772, 46 L.Ed.2d 635 (1976); *Glickman, Lurie, Eiger and Co. v. I.R.S.,* 75–2 U.S.T.C. ¶ 9788, 36 A.F.T.R.2d 75– 6111 (D.Minn.1975); *TRRG, supra.*

The I.R.S. contends that the letter "contains specific information relating to the tax affairs of several named third-parties." Defendant's Memorandum, at 13. Since this information allegedly became part of these individuals' tax files, it is said to be automatically exempt under §§ 6103 and 7213.

■ The Court disagrees with this analysis. To begin with, the Court has not the slightest notion as to the veracity of the statements concerning the named third parties. Several statements are seemingly innocuous. In any event, the information is not specific and its connection, if any, with tax affairs is tenuous. Defendant has not

carried its burden of showing this part of the letter to be within the third exemption.

■■■ However, the I.R.S. claims exemption 7(C) also covers this part of the letter. The Court has already determined that the letter is initially within the scope of exemption 7. To fit within 7(C) disclosure must "constitute an unwarranted invasion of personal privacy." This is similar to the language of exemption 6 where the inquiry is whether disclosure would result in a "clearly unwarranted invasion of personal privacy." The method of analysis is the same. *TRRG, supra,* at 419. The Court must balance the public interest in disclosure against the privacy interest. *See Dept. of the Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Getman v. N.L. R.B.,* 146 U.S.App.D.C. 209, 450 F.2d 670 (1971). One of the relevant considerations is the use to which the requested material would be put. *TRRG, supra.* Plaintiff seeks to know the name of the letter writer and the nature of the allegations against her, presumably to satisfy her curiosity and perhaps to enable her to confront her accuser. She may be relieved to learn that there are no direct accusations made against her. She is connected only by innuendo to the allegations concerning third parties. Thus disclosure of this portion of the letter would not materially aid her purpose.

Disclosure, on the other hand, would invade the privacy of the named individuals by revealing possible financial interests, addresses, and personal relationships. In *Wine Hobby USA, Inc. v. I.R.S.,* 502 F.2d 133 (3rd Cir. 1974), quoted with apparent approval in *Rose, supra,* the court declined to order production of names and addresses of persons registered with the I.R.S. to produce wine for family use. The privacy interests here are certainly no less compelling than those in *Wine Hobby.* Moreover, that case involved the more stringent standard of exemption 6.[6] Under these circumstances, the Court finds that disclosure of references to named third parties and their identifying data would constitute an unwarranted invasion of privacy.

To recapitulate, the Court has sustained the claims under exemptions 7(C) and 7(D) as to portions of the letter. Nonetheless, the Court finds that much of the letter can be disclosed after deletions of the portions exempt. *See* § 552(b). The disclosable sections include the only reference to plaintiff. The Court has indicated on a copy of the letter under seal the appropriate deletions of identifying matter relating to all third parties named in the letter.[7]

■■ The remaining issues concern plaintiff's entitlement to an award of attorney's fees and litigation costs. Congress provided that:

> "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E).

Assuming without deciding that the plaintiff has substantially prevailed, the Court nevertheless finds that such an award is inappropriate. The use of the verb "may" demonstrates the intent of Congress that the decision should rest in the Court's discretion. The legislative history, however, does set forth some of the relevant considerations. S.Rep. 93–854, 93d Cong., 2d Sess., p. 19 (1974); Conf.Rep. No. 93–1380, 93d Cong., 2d Sess., pp. 9–10 (1974). The foremost factor is the benefit derived from disclosure. Here the public interest is minimal. Plaintiff is motivated by self-interest

---

6. However, it must be acknowledged that the plaintiff's stipulated purpose in seeking disclosure in *Wine Hobby* amounted to private commercial exploitation. Only a slight invasion of privacy is needed to offset this sort of purpose.

7. Defendant requests, in the event the Court disagrees with its claims of exemptions, that the entire letter remain under seal pending the resolution of any appeals which defendant may take. (Letter to the Court, November 22, 1976, a copy of which was sent to plaintiff's counsel.) While the Court has for the most part upheld the claimed exemptions, it has narrowed their coverage by ordering the disclosure of parts of the letter. The Court will, however, grant the defendant's request and order that the document remain under seal pending any appeals.

in seeking the letter. No additional incentive is required to insure vindication of the rights given in the FOIA. Defendant has not been recalcitrant. The Court finds that no award of attorney fees is warranted.

IT IS ORDERED:

1. That plaintiff's motion to amend her complaint be granted.

2. That the cross motions for summary judgment be granted in part and denied in part in accordance with the foregoing Memorandum.

3. That defendant's motion to keep the entire letter under seal pending any appeals be, and is hereby, granted.

4. That plaintiff's motion for attorney's fees and litigation costs be denied.