**LEAD INDUSTRIES ASSOCIATION, INC., Plaintiff,**

**v.**

**OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION et al., Defendants.**

**No. 79 CIV. 516 (RWS).**

United States District Court, S. D. New York.

April 27, 1979.

Debevoise, Plimpton, Lyons & Gates, New York City, for plaintiff by Standish F. Medina, Jr., John H. Hall, Nicole A. Gordon, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendants by David M. Jones, Asst. U. S. Atty., New York City.

SWEET, District Judge.

This action has its origin from the issuance by OSHA in November 1978, of a revised permanent standard for occupational exposure to lead. The standard is pres-

ently being challenged in an action pending in the Court of Appeals for the District of Columbia. Plaintiff's counsel has been designated "liaison counsel" by the Court of Appeals for the various petitioners and intervenors in that consolidated proceeding. On November 17, 1978, plaintiff submitted a request to OSHA for certain documents under the Freedom of Information Act ("FOIA"). Only certain documents were turned over; an administrative appeal has been filed.

On January 31, 1979 plaintiff commenced this action pursuant to the provision of 5 U.S.C. § 552(a)(4). On March 16, 1979 this court issued an opinion which directed the defendant to file a *Vaughn* index. Plaintiff has now moved for partial summary judgment as to two documents ("the documents")[1] which defendant has refused to turn over, asserting that they are exempt from the disclosure requirements of FOIA by 5 U.S.C. § 552(b)(5).[2] Defendant has cross-moved for partial summary judgment.

In making the determination here required, this court has the "authority whenever it considers such action equitable and appropriate to enjoin the agency from withholding its records and to order the production of agency records improperly withheld." H.R.Rep.No.1497, 89th Cong., 2nd Sess., reprinted in U.S.Code Cong. & Admin.News 1966 at 2418, 2426 (hereinafter "H. Rep."). On the present showing equity does not require that the request be granted on this motion.

■ The District of Columbia proceeding seeks review of the propriety of the OSHA decision with respect to which the documents here in issue were prepared. From the oral argument it is apparent that the documents are also the subject of a discovery demand in the Court of Appeals. That court is therefore best qualified to determine whether or not the plaintiff here is entitled to the documents. Plaintiff has not made any showing why the documents are not or cannot be available through the discovery process in the litigation for which the documents are sought. In fact, since the opposition to disclosure is premised upon the (b)(5) exemption of FOIA, the right to disclosure in the Court of Appeals would be at least equal to, if not greater than, the disclosure right under FOIA.

■ Under (b)(5) "any internal memorandums which would *routinely* be disclosed to a private party through the discovery process in litigation with the agency would be available to the general public." (emphasis added). H.Rep. at 2428. That is the standard which is applied when a request for internal memoranda is made under FOIA. Therefore, although in most litigation situations a particular plaintiff may obtain an otherwise non-obtainable memorandum by showing a compelling need, such an outlet is not available to those seeking discovery under FOIA.

[I]f the document sought would be routinely available to a party in civil discovery, the fifth exemption will not protect it from prompt mandatory disclosure. *Environmental Protection Agency v. Mink,* 410 U.S. 73, 85–86, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). If a document is, however, privileged from civil discovery, it is exempted from mandatory disclosure under FOIA even if, in a particular case, a party in litigation could overcome the privilege by a showing of need. *NLRB v.*

---

1. Plaintiff has adequately identified these documents as:
    (a) a memorandum from Richard Gross (an OSHA attorney) and William Lee (an OSHA staff member) to John Froines (the OSHA official in charge of the standard) concerning Burton's assignment and containing a handwritten notation indicating that a copy had been mailed to DBA on November 1, 1977, and
    (b) the Burton/DBA report dated January 26, 1978, entitled "Technical Feasibility Assessment for the Permanent Lead Standard Based Upon the Hearing Record", prepared pursuant to Task Order # 3 under Contract J–9–F–6–0227, and addressed to David R. Bell.

2. 5 U.S.C. § 552(b)(5) provides that FOIA does not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency".

*Sears, Roebuck & Co.,* 421 U.S. 132, 149 n. 16, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

*Merrill v. Fed. Open Market Com. of Fed. Reserve System,* 184 U.S.App.D.C. 203, 208, 565 F.2d 778, 783 (1977), U.S. Appeal Pending, 436 U.S. 917, 98 S.Ct. 2260, 56 L.Ed.2d 757; *see also NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149 n. 16, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *Mead Data Control, Inc. v. U. S. Dept. of Air Force,* 184 U.S.App. D.C. 350, 360 n. 14, 566 F.2d 242, 252 n. 14 (1977); *Firestone Tire & Rubber Co. v. Coleman,* 432 F.Supp. 1359, 1371–72 and n. 23 (N.D.Ohio 1976). There has been no showing that in the District of Columbia proceeding the plaintiff is in a position in which discovery is less available to it than would be available to any party in civil discovery with OSHA.

Furthermore, plaintiff seeks expeditious action of this court as to the request here in issue, asserting that the documents are needed for the proceeding in the District of Columbia. The affidavit in support of this motion states:

> LIA's attorneys have been designated "liaison counsel" by the D.C. Court of Appeals for some 60 industry petitioners and intervenors and hence have the primary responsibility for preparing the consolidated industry brief, which must be filed in only ten weeks. In view of the complexity of the issues raised by the appeal and the logistical problems inherent in coordinating so many interested parties, the need for expedition is of paramount and obvious importance. If OSHA succeeds in delaying production of the requested documents it will be able to conceal from the appellate court the agency's failure to satisfy its statutory obligations. LIA therefore respectfully requests the Court to decide this motion promptly and to require the immediate production of the requested documents.

There can be no showing that Congress intended FOIA to be used as a broad discovery tool for litigants in judicial proceedings. *Cf. Roger J. Au & Sons, Inc. v. N. L. R. B.,* 405 F.Supp. 1200, 1201 (W.D.Pa.1976), aff'd, 538 F.2d 80 (3d Cir. 1976) (not a tool in administrative agency proceedings). "The Act is fundamentally designed to inform the public about agency action and not to benefit private litigants." (Citation omitted) *N. L. R. B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1513, 44 L.Ed.2d 29 (1975); *Chamberlain v. Alexander,* 419 F.Supp. 235, 238 (S.D.Ala. 1976).

In *Williams v. Internal Revenue Service,* 345 F.Supp. 591 (D.Del.1972), *cert. denied,* 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973) the court declined to exercise its equity jurisdiction where the party seeking investigatory files under FOIA was a litigant before the Tax Court.[3] Similarly, in *N. L. R. B. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), a case in which the (b)(7) exemption was involved, the Supreme Court refused to turn over the witnesses' statements since the party seeking them had conceded that they were solely for litigation discovery purposes and "FOIA was *not* intended to function as a private discovery tool, *see Renegotiation Board v. Bannercraft Clothing Co.,* supra, 415 U.S. [1] at 22, [94 S.Ct. 1028, 1039, 39 L.Ed.2d 123.]" (Footnote omitted) (Emphasis in original) *Id.* at 242, 98 S.Ct. at 2327. Although the holding was limited to the narrow question presented, the language as to the use of FOIA was broad and not restricted to those instances in which the (b)(7) exemption is asserted.

In *United States v. Murdock,* 548 F.2d 599 (5th Cir. 1977) the court refused to grant a request under FOIA where discovery under the Federal Rules of Criminal Procedure was available. Relying on the Congressional history of the statute and the

---

**3.** The House Report on the bill states that it was "not intended to give a party indirectly any earlier or greater access to investigatory files than he would have directly in such litigation or proceedings." H.Rep. at 2428. Although this language referred to the (b)(7) exemption of FOIA, the policy of not allowing earlier access to information than is provided for in judicial proceedings is equally applicable to situations in which a civil action has been brought by the party seeking access to the agency data.

language of the Supreme Court in *Renegotiation Board, supra,* the court stated:

> In a criminal case the discovery proceedings are governed by the Federal Rules of Criminal Procedure, promulgated pursuant to 18 U.S.C.A. §§ 3771, 3772. Since Congress has the power to regulate the practice and procedures in the federal courts, *Sibbach v. Wilson & Co., Inc.,* 312 U.S. 1, 9, 61 S.Ct. 422, 85 L.Ed. 479 (1941), had Congress intended to amend the explicit discovery procedures set forth in Rule 16, Fed.R.Crim.P., by enactment of the FOIA, it undoubtedly could have done so. No such intention appears in either the Act or its legislative history. Cf. *Title Guarantee Co. v. NLRB,* 534 F.2d 484, 491 (2d Cir. 1976) (U.S. appeal pending) (dealing with the effect of the FOIA on discovery under the National Labor Relations Act).
>
> We hold that the discovery provisions of the Federal Rules of Criminal Procedure and the FOIA provide two independent schemes for obtaining information through the judicial process. Although information obtained through the FOIA may be useful in a criminal trial, we find that the FOIA was not intended as a device to delay ongoing litigation or to enlarge the scope of discovery beyond that already provided by the Federal Rules of Criminal Procedure.
>
> This result is consistent with *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) which held that the right of a plaintiff, who brings an action under the FOIA to compel production of agency documents, is neither increased nor decreased by the fact that he is a litigant in a pending suit. The Court stated that the Act is fundamentally designed to inform the public about agency action and not to benefit private litigants.

*Id.* at 602. This reasoning is especially applicable in situations as here, where discovery presumably is available to the plaintiff in the civil litigation in which it is presently proceeding. The Congressional intent and purpose underlying FOIA will not be undermined by deferring consideration of the request in issue to the Court of Appeals for the District of Columbia; in fact deferral is consistent with the policies underlying the enactment of FOIA.

■ Plaintiff seeks the documents by asserting that they are not internal agency memorandum and therefore not subject to the (b)(5) exclusion. To the extent the decision herein made is premised on the language and Congressional history of the (b)(5) exemption, this court is satisfied that the defendant has made a preliminary showing, which is supported by this court's preliminary in camera review of the documents, sufficient to require consideration of the statutory exemption. The preparation by an outside consultant hired by the defendant does not preclude its being an agency memorandum for purposes of the (b)(5) exemption. *See Soucie v. David,* 145 U.S.App.D.C. 144, 152–155, 448 F.2d 1067, 1075–78 (1971); *Wu v. National Endowment for Humanities,* 460 F.2d 1030, 1034 (5th Cir. 1972), *cert. denied,* 410 U.S. 926, 93 S.Ct. 1352, 35 L.Ed.2d 586 (1973). The question of whether or not the documents must be disclosed therefore does not turn on whether or not they are memoranda but rather whether "the generally recognized *privilege* of intra-agency advisory opinions" applies. (emphasis added). *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). This determination involves a decision as to whether such a privilege exists for discovery purposes. *See id.* at 150–54, 95 S.Ct. 1504; *EPA v. Mink,* 410 U.S. 73, 85–91, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).

Further, the decision herein made is not premised solely on the (b)(5) exemption. Under the circumstances, as they are presently understood, in which the documents are sought in another forum, there is a possibility of inconsistent determinations between this court and the Court of Appeals, and absent any showing that discovery is not equally available in the District of Columbia, this court will not decide the issue at this juncture.

In this exercise of discretion both motions for partial summary judgment are denied with leave to renew upon a showing that the documents are not subject to discovery in the Court of Appeals.

IT IS SO ORDERED.